**LEGAL ENVIRONMENTAL ASSISTANCE FOUNDATION, INC.,**
Plaintiff–Appellant,

v.

**BOARD OF COUNTY COMMISSIONERS OF BREVARD COUNTY, FLORIDA,**
Defendant–Appellee.

No. 92–3200.

United States Court of Appeals,
Eleventh Circuit.

Aug. 16, 1995.

concern that the use of the word "prepubescent" in section 2G2.2(b)(1) was unconstitutionally vague.

Barbara Sue Ruhl, David A. Ludder, Legal Environmental Assistance Foundation, Inc., Tallahassee, FL, for appellant.

Nina Boniske, Brevard County Attys. Office, Melbourne, FL, for appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Plaintiff-appellant, Legal Environmental Assistance Foundation, Inc. ("LEAF") challenges the district court's denial of LEAF's motion for partial summary judgment and the district court's grant of final summary judgment to defendant-appellee, Brevard County Board of County Commissioners (the "Board"). LEAF alleges that the Board has been operating a waste treatment facility, known as an injection well, without a permit since December 21, 1988, when the Board's state-issued construction and testing permit for the well expired.[1] The Board argues that the Florida Department of Environmental Regulation ("FDER") properly granted the Board a continuance of its construction and testing permit, pursuant to 40 C.F.R. § 144.37(d) (1992)[2], and that the continued permit allows for limited operation of the well.

At issue in this case is whether Florida law, embodied in Florida Statute 120.60(6) (1993)[3] and Florida Administrative Code rule 17–4.090(1) (1990), *transferred to* Fla.Admin.Code Ann. 62–4.090(1) (1995),[4] allows the FDER to continue a *construction and testing* permit for an injection well, pending FDER review of an application for an *operating* permit for the same well. The district court deferred to the FDER's interpretation of section 120.60(6) and rule 17–4.090(1), in which the agency had ruled that an application for an operating permit was the equivalent of an application for renewal of a construction and testing permit. *Legal Envtl. Assistance Found., Inc. v. Board of County Comm'rs*, No. 91–474–CIV–ORL–22, slip op. at 5–6 (M.D.Fla. Nov. 5, 1992) [hereinafter

---

1. For a more complete description of the factual and procedural background of this case, see our initial opinion at *Legal Envtl. Assistance Found., Inc. v. Board of County Comm'rs*, 10 F.3d 1579, 1580–81 (11th Cir.1994) (per curiam) [hereinafter *LEAF II*].

2. Section 144.37(d) provides:
   A State authorized to administer the [underground injection control] program may continue either EPA or State-issued permits until the effective date of the new permits, *if State law allows.* Otherwise, the facility or activity is operating without a permit from the time of expiration of the old permit to the effective date of the State-issued new permit.
   *Id.* (emphasis added).

3. Section 120.60(6) governs the continuance of expiring permits generally:
   When a licensee has made timely and sufficient application for the *renewal* of a license which does not automatically expire by statute, the existing license shall not expire until the appli-

cation has been finally acted upon by the agency or, in case the application is denied or the terms of the license are limited, until the last day for seeking review of the agency order or a later date fixed by order of the reviewing court.
   *Id.* (emphasis added).

4. In our initial opinion, we affirmed the district court's implicit holding that the recently amended rule 17–4.090(1) was relevant state law under 40 C.F.R. § 144.37(d). *See LEAF II*, 10 F.3d at 1584. Rule 17–4.090(1), now transferred to Rule 62–4.090(1), governed the continuance of expiring licenses in the context of Florida's underground injection control program:

   When the application for *renewal* is timely and sufficient, the existing permit shall remain in effect until the renewal application has been finally acted upon by the Department or, if there is court review of the Department's final agency action, until a later date is required by Section 120.60, F.S.
   Rule 17–4.090(1) (emphasis added).

*LEAF I* ]. Accordingly, the district court denied LEAF's motion for partial summary judgment and granted the Board's motion for final summary judgment. *Id.* at 6–7.

In the initial appeal, we concluded that the proper construction of section 120.60(6) and rule 17–4.090(1) was a question of state law, and we noted that no Florida state court yet had addressed the question. Consequently, we certified the following question to the Supreme Court of Florida:

> UNDER EXISTING FLORIDA LAW, NOT LIMITED TO THE STATE'S EPA–APPROVED UNDERGROUND INJECTION CONTROL PROGRAM, WHERE A HOLDER OF AN EXPLORATORY WELL CONSTRUCTION AND TESTING PERMIT HAS MADE A TIMELY APPLICATION FOR AN INJECTION WELL OPERATING PERMIT, DOES THE CONSTRUCTION AND TESTING PERMIT CONTINUE IN EFFECT PAST ITS EXPIRATION DATE UNTIL THE FLORIDA DEPARTMENT OF ENVIRONMENTAL REGULATION HAS ACTED ON THE PENDING APPLICATION?

*LEAF II,* 10 F.3d at 1584–85. The Florida Supreme Court adopted a "plain meaning" interpretation of section 120.60(6) and rule 17–4.090(1), and answered our certified question in the negative:

> We reject the [FDER's] argument that because a construction permit usually includes authority to operate for a short period of time, this means that applying for an operating permit is the equivalent of seeking *renewal* of a construction permit. Thus, we hold that neither section 120.60(6) nor rule 17–4.090(1) operates to extend the expiration date on a construction and testing permit when an application for an operating permit has been submitted.

*Legal Envtl. Assistance Found., Inc. v. Board of County Comm'rs,* 642 So.2d 1081, 1084 (Fla.1994) (emphasis added).

The answer of the Florida Supreme Court to our certified question is dispositive of this appeal. Both parties agree that the Board operated its injection well beyond the expiration date of its construction and testing permit; the only dispute was whether Florida law authorized the FDER to continue the Board's construction and testing permit pending FDER review of the Board's application for an operating permit. We conclude that the FDER was not so authorized and, thus, that the Board has been operating its injection well since December 21, 1988, without a permit.

Accordingly we REVERSE the district court in its decision to deny LEAF's motion for partial summary judgment and to grant the Board's motion for final summary judgment, and we REMAND the case to the district court for further proceedings consistent with the holding of the Florida Supreme Court, our prior opinion in *LEAF II,* and this opinion.