DAVIS, Judge.
Dr. Purcell appeals an order of the Judge of Compensation Claims (JCC) construing section 440.13(10), Florida Statutes (1994), as limiting his right to an expert witness fee for giving a deposition to $200 a day. The statute provides a maximum witness fee of $200 an hour to health care providers, but limits the witness fee of those who merely reviewed medical records or who provided professional services unrelated to the workers’ compensation case to $200 a day.[1] Dr. Purcell did not treat the claimant, but did perform an independent medical examination which included a physical examination as well as a review of medical records. The JCC concluded that Dr. Purcell did not provide direct professional services to the claimant, and that he was therefore entitled to a witness fee of no more than $200 a day. We reverse.
Due to the fact that this case presents a question of first impression, this court requested a brief from the Division of Workers’ Compensation of the Department of Labor and Employment Security. See section 440.271, Florida Statutes (1993) (the Division shall have the right to intervene in appellate proceedings seeking review of an order of a Judge of Compensation Claims). As the agency charged with the implementation of the workers’ compensation statutes, its interpretation is persuasive. C.f Legal Environmental Assistance Foundation, Inc. v. Board of County Commissioners of Brevard County, 642 So.2d 1081, 1083 (Fla.1994); Public Employees Relations Commission v. Dade County Police Benevolent Assoc., 467 So.2d 987, 989 (Fla.1985). It is the Division’s opinion that the JCC erred in interpreting this statute, and that Dr. Purcell should be entitled to a witness fee of up to $200 an hour because he did more than merely review medical records and because an independent medical examination which includes a physical examination does constitute a direct professional service to a party. This opinion is based in part upon definitions contained in the 1991 Workers’ Compensation Health Care Provider Reimbursement Manual, incorporated by reference into Rule 38F-7.020(1), Florida Administrative Code.
We conclude that the plain meaning language of this statute provides that a health care provider shall be entitled to a witness fee of up to $200 an hour unless that health care provider’s services fall within the specific exclusionary language, limiting to $200 a day the fee payable to those experts who (a) have never provided direct professional services, but only reviewed medical records or (b) have provided direct professional services which were unrelated to the worker’s compensation ease. An independent medical examination (IME) is clearly not a service unrelated to the worker’s compensation case. In performing the IME, Dr. Purcell did not merely review medical records. Therefore, Dr. Purcell does not fit within the statutory exception, and is entitled to a fee of up to $200 an hour, rather than $200 a day.
Accordingly, we REVERSE the order below requiring Dr. Purcell to accept a witness fee of $200 a day.
BARFIELD and KAHN, JJ., concur.

. "Any health care provider who gives a deposition shall be allowed a witness fee. The amount charged by the witness may not exceed $200 per hour. An expert witness who has never provided direct professional services to a party but has merely reviewed medical records and provided an expert opinion or has provided only direct professional services that were unrelated to the workers’ compensation case may not be allowed a witness fee in excess of $200 per day.” Section 440.13(10), Florida Statutes (1994).