The Honorable Charles W. Morris Okaloosa County Sheriff 1250 Eglin Parkway Shalimar, Florida 32579-1234
Dear Sheriff Morris:
You have asked for my opinion on substantially the following question:
What are the registration requirements for a sexual offender moving from one residence to another within the State of Florida?
In sum:
The Florida Department of Law Enforcement has determined that the provisions of section 943.0435, Florida Statutes, require that a sexual offender register initially with both law enforcement (either the sheriff or FDLE) and the Department of Highway Safety and Motor Vehicles and, thereafter, only with DHSMV upon establishing a new Florida residence.
You have received several interpretations of the provisions of section 943.0435, Florida Statutes, requiring the registration of sexual offenders and, as the Sheriff of Okaloosa County, you have requested guidance in applying this statute.
You have provided a particular set of facts that are of concern to you: A sexual offender registers a permanent or temporary address with the local sheriff as required by subsection (2) of this statute. The offender obtains a Florida driver's license or identification card listing the registered address. The sexual offender then moves from this address to another within the state. You ask whether the sexual offender is required to register again with the sheriff of the new residence county and then with the Department of Highway Safety and Motor Vehicles, or whether the offender may register his or her new residence address only with the Department of Highway Safety and Motor Vehicles.
Florida law requires that sexual offenders register their residence with state and local law enforcement and the Department of Highway Safety and Motor Vehicles. A "sexual offender" is defined for purposes of Chapter 943, Florida Statutes, the "Department of Law Enforcement Act"[1] as a person who has been:
"1. Convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: s. 787.01, 787.02, or s. 787.025, where the victim is a minor and the defendant is not the victim's parent; chapter 794, excluding ss. 794.011(10) and 794.0235; s. 796.03; s.800.04; s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135; s.847.0145; or any similar offense committed in this state which has been redesignated from a former statute number to one of those listed in this subparagraph.
2. Released on or after October 1, 1997, from the sanction imposed for any conviction of an offense described in subparagraph 1. For purposes of subparagraph 1., a sanction imposed in this state or in any other jurisdiction includes, but is not limited to, a fine, probation, community control, parole, conditional release, control release, or incarceration in a state prison, federal prison, private correctional facility, or local detention facility."[2]
Section 943.0435(2), Florida Statutes, provides
"A sexual offender shall report in person at an office of the department [Florida Department of Law Enforcement], or at the sheriff's office in the county in which the offender establishes or maintains a permanent or temporary residence, within 48 hours after establishing permanent or temporary residence in this state or within 48 hours after being released from the custody, control, or supervision of the Department of Corrections or from the custody of a private correctional facility."
For registration purposes, a complete physical description must be provided by the offender: name, date of birth, social security number, race, sex, height, weight, hair and eye color, and tattoos or other identifying marks. Registration also includes the offender's occupation and place of employment, as well as the address of his or her permanent or legal residence or the address of any current temporary residence within the state and out of state. An overview of the offender's involvement with the correctional system must be provided, including the date and place of each conviction and a brief description of the crime or crimes committed by the offender.
If the sexual offender's place of residence is a motor vehicle, trailer, mobile home, or manufactured home, written notice of the vehicle identification number must be provided to the Department of Law Enforcement (FDLE) along with the license tag number, registration number, and a description, including color scheme, of the motor vehicle, trailer, mobile home, or manufactured home. If the residence of the sexual offender is a vessel, live-aboard vessel, or houseboat, FDLE must be provided the hull identification number; the manufacturer's serial number; the name and registration number of the vessel, live-aboard vessel, or houseboat; and a description, including color scheme, of the vessel, live-aboard vessel, or houseboat. If a sexual offender reports at the sheriff's office, the sheriff must take a photograph and a set of fingerprints of the offender and forward these to the Florida Department of Law Enforcement, along with the information provided by the sexual offender.[3]
The statute requires that registration take place within 48 hours after establishment of a "permanent or temporary residence." A "[p]ermanent residence" is defined as "a place where the person abides, lodges, or resides, for 14 or more consecutive days."[4] A "[t]emporary residence" is a place where a person lodges or resides for a period of 14 or more days in the aggregate during any calendar year but which is not the person's permanent address.[5]
Section 943.0435(3), Florida Statutes, requires that a sexual offender report to the Department of Highway Safety and Motor Vehicles (DHSMV) within 48 hours of registering with the sheriff or FDLE in order to secure or renew a Florida driver's license or identification card. Further, each time a sexual offender's driver's license or identification card is subject to renewal, and within 48 hours after any change in residence or change in the offender's name, the offender is required to report in person to a driver's license office to report as required in subsection (3). Information and photographs obtained from sexual offenders by the Department of Highway Safety and Motor Vehicles must be forwarded to FDLE.
As the agency charged with the implementation of Chapter 943, Florida Statutes,[6] the Florida Department of Law Enforcement has developed "Guidelines To Florida Sex Offender Laws," which provide the department's interpretation of the sexual predator and sexual offender laws and suggestions for their application. With regard to changes of address, the guidelines state:
After initial registration, all non-incarcerated Sexual Predators and Offenders must notify the DHSMV within 48 hours of any change of residence. Should the predator or offender be under sanction they must also report their change of address, as required by law, to their supervisor who will in turn notify FDLE. DHSMV will notify FDLE of the change of address information and changes will be posted to the Internet site. The Sheriff's office and all police departments within the county will be notified via FCIC AM message of all new predator and offender addresses within their county. Agencies should regularly access the FDLE sexual offender/predator site via CJNET or the Internet atwww.fdle.state.fl.us to obtain current listings of all sexual offenders. Agencies may also contact FDLE's Sexual Offender/Predator Unit for offender information at 1 (888) 357-7332.
Thus, FDLE has read these statutes to require that a sexual offender register initially with both law enforcement (either the sheriff or FDLE) and the Department of Highway Safety and Motor Vehicles, and thereafter only with DHSMV upon establishing a new Florida residence.
It is the rule that the administrative construction of the agency charged with the enforcement and interpretation of a statute carries great weight and is controlling in the absence of clear and cogent reasons to the contrary.[7] Thus, the interpretation of these statutes by FDLE is controlling in the absence of evidence to the contrary.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 943.01, Fla. Stat., provides the short title for the act.
[2] Section 943.0435(1)(a)1. and 2., Fla. Stat.
[3] Section 943.0435(2), Fla. Stat.
[4] See, ss. 943.0435(1)(c) and 775.21(2)(f), Fla. Stat.
[5] Sections 943.0435(1)(c) and 775.21(2)(g), Fla. Stat. For a person whose permanent residence is not in this state, "temporary residence" is defined by s. 775.21(2)(g), Fla. Stat., to be "a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state; or a place where the person routinely abides, lodges, or resides for a period of 4 or more consecutive or nonconsecutive days in any month and which is not the person's permanent residence, including any out-of-state address."
[6] See, s. 943.03(4), Fla. Stat., charging FDLE with the implementation of the act.
[7] See, e.g., Legal Environmental Assistance Foundation, Inc.v. Board of County Commissioners of Brevard County,642 So.2d 1081 (Fla. 1994), answer to certified question conformed to61 F.3d 25 (C.A. 11th Cir. [Fla.] 1995); Chiles v. Department ofState, Division of Elections 711 So.2d 151 (Fla. 1st DCA 1998).