Mr. William O. Monroe Auditor General G74 Claude Pepper Building 111 West Madison Street Tallahassee, Florida 32399-1450
Dear Mr. Monroe:
You ask the following questions:
1. Does Section 112.061, Florida Statutes, authorize agency heads, absent specific statutory authority, to expend public funds for the transportation of a traveler by other than the most economical class of travel, such as for additional costs that may be incurred for first or business class air travel?
2. Is the agency head for the Department of Citrus authorized, absent specific statutory authority, to expend public funds for the transportation of a traveler by other than the most economical class of travel, such as for additional costs that may be incurred for first or business class air travel?
Due to the interrelated nature of your questions, they will be answered together.
You have provided information from an audit of the Department of Citrus (department) conducted by your agency questioning the department's expenditure of funds for business class air travel. The reimbursement amount for business class travel was considerably greater than it would have been had the travelers flown coach.[1] The audit cites to provisions of section 112.061(7), Florida Statutes, requiring an agency head to designate the most economical method of travel and requiring that, in the event transportation other than the most economical class as approved by the agency head is provided by a common carrier, the charges in excess of the most economical class must be refunded by the traveler to the agency charged for the travel.[2] In the absence of clear statutory authority for any public official or agency, other than the Governor, to expend public funds for first class or business class commercial airfare, the audit recommended that the Department of Citrus develop updated policies and criteria, with related delegations of authority, for justifying and authorizing any future commercial airfare. The department responded that it would develop such policies and criteria, but maintained that it was authorized and justified in approving the travel on a limited basis. The audit further stated the intent of the Auditor General to ask the Attorney General to assist in clarifying the ambiguities between approvals of method of travel and classes of travel.
This office has consistently determined that section 112.061, Florida Statutes, governs the per diem and travel expenses of public officers, employees and authorized persons in this state.[3] Section 112.061, Florida Statutes, is recognized as the Legislature's effort to establish uniform maximum rates and limitations, with specific exceptions, applicable to travel expenses paid by a public agency.[4] As a department of the state, the Department of Citrus is subject to the provisions in section 112.061, relating to the payment of travel expenses.[5]
You have cited to two subsections of section 112.061(7), Florida Statutes, as pertinent to your questions. Subsections (a) and (c), provide:
"(a) All travel must be by a usually traveled route. In case a person travels by an indirect route for his or her own convenience, any extra costs shall be borne by the traveler; and reimbursement for expenses shall be based only on such charges as would have been incurred by a usually traveled route. The agency head or his or her designee shalldesignate the most economical method of travel for each trip, keeping in mind the following conditions: 1. The nature of the business. 2. The most efficient and economical means of travel (considering time of the traveler, impact on the productivity of the traveler, cost of transportation, and per diem or subsistence required). When it is more efficient and economical to either the traveler or the agency head, jet service offered by any airline, whether on state contract or not, may be used when the cost is within an approved threshold determined by the agency head or his or her designee. 3. The number of persons making the trip and the amount of equipment or material to be transported.
* * *
(c) Transportation by common carrier when traveling on official business and paid for personally by the traveler, shall be substantiated by a receipt therefor. Federal tax shall not be reimbursable to the traveler unless the state and other public agencies are also required by federal law to pay such tax. In the event transportation other than the mosteconomical class as approved by the agency head is provided by a commoncarrier on a flight check or credit card, the charges in excess of themost economical class shall be refunded by the traveler to the agencycharged with the transportation provided in this manner." (e.s.)
The emphasized portions of the foregoing statute appear to make a distinction between the approval of the mode of travel and the class of travel. In approving the method or mode of travel, the agency head or his or her designee must make a determination of the most economical method. As evidenced by the terms of the statute, this determination involves evaluation of the nature of the travel, the most efficient and economical means, the number of persons traveling, and the amount of equipment or materials to be transported. The term "most economical method of travel" has been defined as "the mode of transportation (state owned vehicle, privately owned vehicle, common carrier, etc.) designated by an agency head in accordance with criteria prescribed by Section 112.061, Florida Statutes."[6]
Subsection (c) of section 112.061(7), Florida Statutes, speaks to reimbursement for common carrier travel when transportation other than the most economical class as approved by the agency head is provided by a common carrier. The traveler is required to pay for any charges in excess of the "most economical class" of transportation. The language of the statute suggests that the agency head has made a determination as to the most economical class of transportation available, but makes no mention of such a determination being made by a designee. "Most economical class of transportation" is defined as "the class having the lowest fare which is available."[7] This definition does not appear to give the agency head any discretion in determining what may constitute the most economical class of transportation.
The Department of Financial Services (DFS) is the state agency charged with adopting rules and prescribing such forms as are necessary to carry out the purposes of section 112.061, Florida Statutes.[8] Rules governing travel expense are contained in Chapter 69I of the Florida Administrative Code. Relative to transportation by common carrier, Rule69I-42.007, Florida Administrative Code, provides:
"(1) Travelers whose transportation is provided by scheduled aircraft shall purchase the airline tickets in accordance with any state term contract for the purchase of scheduled aircraft transportation which may be in effect at the time travel is scheduled. Failure to purchase airfare in accordance with the terms of the current state term contract may result in disallowance of reimbursement claims for unauthorized purchases of airfare. Noncompliance with the state term contract will requirewritten justification on the traveler's Form DFS-AA-15. In the event the traveler fails to justify his non-compliance with the terms of the state term contract, any cost in excess of such state term contract will be borne by the traveler.
(2) Travel using scheduled aircraft on routes for which there is not a state term contract provider shall be by the most economical class of transportation. Exceptions will be allowed only when fully justified. In the event the traveler fails to justify his use of other than the most economical class of transportation, any additional cost will be borne by the traveler." (e.s.)
As the agency responsible for effectuating the provisions in section112.061, Florida Statutes, DFS's administrative construction as reflected in its rules carries great weight and is controlling in the absence of clear and cogent reasons to the contrary.[9] In a memorandum issued in 2000, DFS concluded, after reviewing section 112.061(7), Florida Statutes, that an agency head has the authority to exercise discretion when deciding the method and class of travel to be used by agency employees in travel status. The department found that such discretion could not be delegated and that written authorization for the class of travel and supporting documentation describing the circumstances requiring such travel must be attached to the travel voucher. DFS' interpretation that section 112.061(7) allows an agency head discretion in deciding the class of travel, but only when fully justified, would support a conclusion that there may be instances when air travel may be made by other than the most economical class.[10]
This office, however, has previously concluded that absent statutory authority, no public official or agency, other than the Governor, may expend public funds for firstclass travel.[11] In Attorney General Opinion 77-11, this office was asked whether the Governor was authorized to use contingent-discretionary appropriation funds to pay the difference in cost between coach and first-class tickets when using commercial air transportation on official business. Citing to the unique nature of such funds, the broad grant of discretion to the Governor, and reference to broadly definable purposes in section 216.231, Florida Statutes, this office found that the Governor was authorized to use contingent-discretionary appropriation funds to subsidize first-class air travel on a commercial airline. The opinion noted that its conclusion was based on the "peculiar and extraordinary nature of both the contingent-discretionary appropriation to the Governor and s. 216.231(2), F.S. [1975]" and should not be taken as authorizing any other public official or agency to expend public funds for first-class commercial air transportation.
The provision in section 112.061(7)(c), Florida Statutes, requiring a traveler to reimburse the agency for transportation cost in excess of the most economical class of travel does not appear to provide clear statutory authority for agency heads to approve a class of travel other than that which is most economical, except where fully justified. Whether there may be instances where air travel beyond coach class is appropriate and might be determined to be the most economical by the agency head would depend on the facts and a full justification by the agency head in approving such travel. At this time, however, there are no legislative standards to guide an agency head, such as in this case the Department of Citrus, in making such a determination. It may be advisable, therefore, to seek Legislative clarification as to the propriety of expending public funds for first-class or business class air travel and, if so, under what circumstances such travel is appropriate.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Invoiced costs for November 2003 airfare for the Executive Director, Commissioner, and one department employee (medical justification) were $7,932.69, $7,608.69, and $7,741.69 respectively. Comparable coach class airfares would have been about $3,000 for each passenger (38% of the amount reimbursed).
[2] The report cites to section 112.061(7)(a), Fla. Stat., stating that "[t]he agency head or his or her designee shall designate the most economical method of travel for each trip, keeping in mind the following conditions:" and subsection (c), stating that "[i]n the event transportation other than the most economical class as approved by the agency head is provided by a common carrier on a flight check or credit card, the charges in excess of the most economical class shall be refunded by the traveler to the agency charged with the transportation provided in this manner."
[3] See Op. Att'y Gen. Fla. 2003-01 (2003).
[4] Subsection (14) was added to section 112.061, Fla. Stat., by s. 2, Ch. 2003-125, Laws of Fla., to provide specific authority for counties, county officers, district school boards and special districts, by enactment of an ordinance or resolution, written policy, or rules (as specified therein) to establish rates that exceed the maximum travel reimbursement rates for non-state travelers specified in s. 112.061(6)(a) for per diem, s. 112.061(6)(b) for subsistence and 112.061(7)(d)1. for mileage. Section 166.021(10)(b), Fla. Stat., created by s. 1, Ch.2003-125, Laws of Fla., authorizes municipalities and their agencies to provide for per diem and travel expense policies for their travelers which varies from s. 112.061, Fla. Stat.
[5] See ss. 20.29 (State Citrus Commission, created under chapter 601, continued and renamed Department of Citrus), 601.04 (creating the Florida Citrus Commission), 601.06 (members of Citrus Commission to receive $25 per day in addition to per diem and reimbursement of expenses as authorized by law), and 112.061(2)(a), Fla. Stat. (agency or public agency defined as any office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body, body politic, county, city, town, village, municipality, or any other separate unit of government created pursuant to law).
[6] Rule 69I-42.002(9), Fla. Admin. Code.
[7] Rule 69I-42.002(8), Fla. Admin. Code.
[8] Section 112.061(9), Fla. Stat.
[9] See, e.g., Legal Environmental Assistance Foundation, Inc. v. Boardof County Commissioners of Brevard County, 642 So.2d 1081 (Fla. 1994),answer to certified question conformed to 61 F.3d 25 (C.A. 11th Cir. [Fla.] 1995); Chiles v. Department of State, Division of Elections711 So.2d 151 (Fla. 1st DCA 1998).
[10] Comptroller's Memorandum No. 02 (1999-2000), March 28, 2000, states that when the class of travel approved by the agency head is other than the most economical, the approval must come from the agency head and may not be delegated.
[11] Op. Att'y Gen. Fla. 77-11 (1977) (section 216.231(2) [now216.231(3)], Fla. Stat., allows Governor discretion to expend funds from the Governor's contingent-discretionary appropriation to pay the difference in cost between coach and first-class tickets when using commercial air transportation on official business).