725 So.2d 380 (1998)
Roger SWEENEY, Appellant,
v.
FLORIDA POWER AND LIGHT COMPANY, INC., Appellee.
No. 98-687.
District Court of Appeal of Florida, Third District.
October 21, 1998.
Rehearing Denied November 25, 1998.
Christopher T. Lemos, Coral Gables, for appellant.
Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick and Carmen S. Johnson, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
A former employee of Florida Power & Light Company appeals from a summary judgment for his employer in an age discrimination action under the Florida Civil Rights Act, sections 760.01-760.11, Florida Statutes (1995). The trial court based its ruling on the conclusion that the action could not be maintained because it had been prematurely filed before the expiration of the 180 day period provided by section 760.11(3), (8), Florida Statutes (1995)[1] for the determination of the merits of the complaint by the Florida Commission on Human Relations. We agree and affirm.
On March 14, 1996, Sweeney filed a claim with the Federal Equal Employment Opportunity Commission that he had been discharged because of his age. The complaint was not filed under the Florida law, however, until the EEOC, acting under its work sharing agreement with the FCHR, see McKelvy v. Metal Container Corp., 854 F.2d 448 (11th Cir.1988); Thomas v. Florida Power & Light Co., 764 F.2d 768 (11th Cir.1985), forwarded the complaint to the Florida agency *381 on April 9, 1996. McKelvy, 854 F.2d at 451 ("when FCHR received McKelvy's charge from EEOC, he ... commenced state proceedings"); see Griffin v. Air Products & Chemicals, Inc., 883 F.2d 940 (11th Cir.1989). The present action was filed on September 16, 1996, twenty days less than 180 days thereafter. We are compelled to agree this prematurity was fatal.
Under section 760.11(4)(a), an aggrieved person may not bring a civil action unless (a) the commission has made an affirmative determination of "reasonable cause to believe that a discriminatory practice ha[s] occurred," or (b) under section 760.11(8), the commission has failed to act on the complaint for 180 days. The former did not occur and the plaintiff made it impossible for the latter to take place because the very act of filing the complaint served to "divest the commission of jurisdiction" to proceed. § 760.11(5). For that reason, although we might desire to do so,[2] we cannot apply the rule that a premature action should not be dismissed, but rather abated until the appropriate time has run. See Angrand v. Fox, 552 So.2d 1113, 1115-16 (Fla. 3d DCA 1989), review denied, 563 So.2d 632 (Fla.1990), and cases cited. In this instance, the complaint prevented the existence of either condition precedent to and thus the very accrual of the cause of action the plaintiff sought to assert. The filing of the complaint before the 180 days ran rendered it burdened by far more than a "[m]ere prematurity, which [was] ... curable simply by the passage of time." [emphasis supplied] Angrand, 552 So.2d at 1115; see 1 Fla.Jur.2d Actions §§ 46, 81 (1997). Dismissal was therefore required. Neate v. Cypress Club Condominium, Inc., 718 So.2d 390, 392 (Fla. 4th DCA 1998), and cases cited.
Affirmed.

ON MOTION FOR REHEARING
SCHWARTZ, Chief Judge.
Motion for rehearing denied. The determination to affirm is supported by the later-decided case of Brewer v. Clerk of the Circuit Court, 720 So.2d 602 (Fla. 1st DCA 1998), citing Ayers v. Wal-Mart Stores, Inc., 941 F.Supp. 1163 (M.D. Fla. 1996).
NOTES
[1] 760.11 Administrative and civil remedies; construction.

(3) Except as provided in subsection (2), the commission shall investigate the allegations in the complaint. Within 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992. When the commission determines whether or not there is reasonable cause, the commission by registered mail shall promptly notify the aggrieved person and the respondent of the reasonable cause determination, the date of such determination, and the options available under this section.
* * *
(8) In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.
[2] As indicated at oral argument.