720 So.2d 602 (1998)
Bertie M. BREWER, Appellant,
v.
CLERK OF the CIRCUIT COURT, GADSDEN COUNTY, Appellee.
No. 98-38.
District Court of Appeal of Florida, First District.
November 4, 1998.
Marie A. Mattox and Sandra S. Hood of Mattox & Hood, P.A., Tallahassee, for Appellant.
Anthony L. Bajoczky and Scott A. Snavely of Bajoczky & Fournier, Tallahassee, for Appellee.
*603 KAHN, Judge.
Appellant, Bertie M. Brewer, challenges a trial court order dismissing her complaint, which alleged unlawful employment discrimination and retaliation in violation of Chapter 760, Florida Statutes. Appellee filed a motion to dismiss asserting that appellant had failed to comply with certain statutory prerequisites prior to filing her complaint had, therefore, failed to state a cause of action. We affirm in part, reverse in part, and remand.
This court has explained the time-honored standard for evaluating a motion to dismiss for failure to state a cause of action:
When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the allegations of the complaint as true. Likewise, the appellate court must accept the facts alleged in a complaint as true when reviewing an order that determines the sufficiency of the complaint. Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, a ruling on a motion to dismiss for failure to state a cause of action is reviewable on appeal by the de novo standard of review.
Sarkis v. Pafford Oil Co., Inc., 697 So.2d 524, 526 (Fla. 1st DCA 1997) (citations omitted); see, e.g., McKinney-Green, Inc. v. Davis, 606 So.2d 393, 394 (Fla. 1st DCA 1992) ("In reviewing the trial court's order denying appellant's motion to dismiss, we must determine whether the allegations, from the four corners of the complaint, sufficiently state one or more claims for relief. We are obliged to accept all well-pled allegations of the complaint as true." (citations omitted)); Snow v. Byron, 580 So.2d 238, 240 (Fla. 1st DCA 1991) ("When considering a motion to dismiss for failure to state a cause of action, a trial court must assume all of the allegations in the complaint are true, and must draw all reasonable inferences in favor of the pleader."); cf., e.g., Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So.2d 679, 680 (Fla. 1st DCA 1982) ("Although the appellant properly pled that it had performed all conditions precedent as required by the contracts, nevertheless, if `there is an inconsistency between the general allegations of material fact in (a) complaint and the specific facts revealed by (an) exhibit, and they have the effect of neutralizing each other, the pleading is rendered objectionable.'"). See also Fla. R. Civ. P. 1.120(c) ("Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred....").
In this case, appellant's complaint contains the following allegations:
Plaintiff has satisfied all conditions precedent to bringing this [sic] actions in that she has filed an Administrative Charge of Discrimination with the deferral agency, the Florida Commission on Human Relations. She waited the requisite time required under Chapter 760, Florida Statutes, prior to bringing this action and Plaintiff is timely in bringing this action.
See § 760.11, Fla. Stat. (1995) (providing that, prior to bringing action in circuit court, complainant must receive "reasonable cause" determination from Commission or wait 180 days after filing complaint with Commission). Appellee's motion to dismiss affirmatively averred that appellant failed to state a cause of action upon which relief could be granted because she had not received a determination of "reasonable cause" from the Florida Commission on Human Relations and thus did not comply with the statutory prerequisite. The trial court granted the motion:
3. The plaintiff must have received a determination of reasonable cause before proceeding in a civil action. Reasonable cause is established by either a determination of reasonable cause by the commission after an investigation, or by "default" if the commission fails to act on a complaint within 180 days.
4. The plaintiff's complaint was filed with the commission on December 6, 1995 (Exhibit A). On February 29, 1996, the commission dismissed the complaint (Exhibit B) upon the qualified request of the plaintiff's counsel (Exhibit C). The commission dismissed the complaint within 180 days of receiving the complaint without determining that reasonable cause existed.
5. The plaintiff failed to obtain a determination of reasonable cause from the *604 commission. The commission neither "defaulted" by failing to act on the complaint within 180 days, nor determined that reasonable cause existed.
6. Because the instant civil action was filed without the plaintiff having obtained a determination of reasonable cause from the commission, the action is dismissed.
Ordinarily, such dismissal would be erroneous because, from the authority set forth above, the court must accept the allegations in the complaint as true and appellant alleged that she had satisfied the conditions precedent and waited the required period. In this case, however, it is abundantly clear that the parties agreed the circuit court should decide whether appellant had actually complied with the statutory prerequisite. In effect, the parties treated the hearing on the motion to dismiss as a summary judgment hearing. Cf. Holland v. Anheuser Busch, Inc., 643 So.2d 621, 623 (Fla. 2d DCA 1994) (explaining that nothing in record established party had consented or stipulated to trial court treating motion to dismiss as motion for summary judgment). Moreover, the parties clearly waived any procedural defects with regard to notice of the summary judgment hearing. See, e.g., Wong v. Crown Equip. Corp., 676 So.2d 981, 981-82 (Fla. 3d DCA 1996); Ultimate Corp. v. CG Data Corp., 575 So.2d 1338, 1339 (Fla. 3d DCA 1991); Bartlett Constr., Inc. v. Coastal Plains, Inc., 353 So.2d 892, 893 (Fla. 3d DCA 1977).
In particular, in the 33 pages of transcript from the hearing, appellant's attorney actively argued her position that she had properly complied with chapter 760. In support of the motion, appellee introduced, with no objection by appellant, a letter from appellant's counsel requesting that the Commission dismiss Brewer's complaint because "it appears that 180 days have passed since the filing of the charge." Appellee also introduced, again with no objection, a copy of the Commission's dismissal of Brewer's complaint, which occurred prior to the expiration of the 180-day period. In response to appellee's arguments, appellant's counsel made legal arguments of her own, many of which were based on the documents introduced by counsel for appellee. Indeed, in her first statement after counsel for appellee concluded his presentation, appellant's counsel said, "Your Honor, let's go back to if we could the law" under chapter 760. The issue of whether appellant had complied with the statutory prerequisite was thus tried by stipulation or consent of the parties. See City of Clearwater v. United States Steel Corp., 469 So.2d 915, 916 (Fla. 2d DCA 1985); Toffel v. Baugher, 111 So.2d 290, 291 (Fla. 2d DCA 1959).
We wish to emphasize that we are not establishing a general rule of waiver here. Rather, in the circumstances of this case, clear agreement existed that the circuit court should decide the issue raised by appellee in his motion. Indeed, at oral argument, counsel for appellant made the following statements:
MS. HOOD: ... This case concerns whether the withdrawal of a discrimination charge from the Florida Commission on Human Relations prior to the expiration of 180 days since filing warrants dismissal
THE COURT: Why does it concern that? Did y'all allege that in your complaint, that you had withdrawn the complaint?
MS. HOOD: Yes, sir. We alleged that she had timely complied with the requirements
THE COURT: My question is: Did you allege that you had withdrawn it prior to the expiration of 180 days?
MS. HOOD: No, sir.
THE COURT: Then why is that question, why was that question before the circuit court?
MS. HOOD: Because it was raised in a motion to dismiss.
THE COURT: So you don't have any problem with the circuit court reaching the questionyou just think she decided it the wrong way?
MS. HOOD: Yes, sir.
Therefore, because appellant agreed that the circuit court should decide whether she had complied with the statutory prerequisite, the court did not err in deciding that issue and dismissing the discrimination claim. See Ayers v. Wal-Mart Stores, Inc., 941 F.Supp. 1163, 1167 (M.D.Fla.1996) (granting motion *605 for summary judgment as to count alleging violation of Florida Civil Rights Act (FCRA) where Ayers did not receive cause determination and waited only 117 days, rather than the required 180 days, from filing complaint with Commission before filing suit in court: "[U]nder FCRA, the complainant may only file suit if the complaint is unresolved after 180 days, and not if the complaint is dismissed.... By Ayers' own request, the investigation of her complaint was terminated prior to the expiration of the 180 day period. The Court will not allow Ayers, by halting her investigation and filing suit before 180 days expired, to circumvent the carefully-crafted procedural requirements set forth under the FCRA.").
Appellant also argues that the circuit court erred in dismissing Brewer's retaliation claim because the motion to dismiss did not address that claim. Appellee conceded in its brief and at oral argument that this dismissal was improper. Accordingly, we REVERSE that portion of the order on appeal dismissing appellant's retaliation claim and REMAND the case for further proceedings. In all other respects, the order on appeal is AFFIRMED.
ERVIN and MINER, JJ., concur.