787 So.2d 968 (2001)
Dorothy I. DIXON, Appellant,
v.
SPRINT-FLORIDA, INC., Appellee.
No. 5D00-2383.
District Court of Appeal of Florida, Fifth District.
June 29, 2001.
N. James Turner of N. James Turner, P.A., Orlando, for Appellant.
Patrick M. Muldowney of Shutts & Bowen LLP, Orlando, for Appellee.
PALMER, J.
In this age discrimination action, Dorothy Dixon appeals the final summary judgment entered by the trial court in favor of her former employer, Sprint-Florida, Inc. We reverse.
Age discrimination claims are governed by the Florida Civil Rights Act of 1992. See § 760.01, et seq., Fla. Stat. (1997)(the Act). Under the Act, in order to pursue a claim of age discrimination an aggrieved *969 employee must first file a complaint with the Florida Commission on Human Relations (FCHR) within 365 days of the alleged violation.[1] The employee must then wait at least 180 days after filing the complaint before instituting a lawsuit in the circuit court unless FCHR makes a reasonable cause determination before the 180 day time period expires. This 180 day time period is intended to provide FCHR with ample time to issue a "reasonable cause" determination as to whether a violation of the Act has occurred.[2] If FCHR determines that there is not reasonable cause and dismisses the complaint, the employee has only one option: request an administrative hearing within 35 days.[3] However, if FCHR determines that reasonable cause exists to believe that a violation of the Act has occurred, or if FCHR fails to make any reasonable cause determination, the employee has two options: 1) file a lawsuit in circuit court; or, 2) request an administrative hearing.[4] All lawsuits must be filed after the expiration of the 180 day time period but before the expiration of the applicable four year statute of limitations.[5]
On March 17, 1998, Dixon filed a complaint with FCHR alleging that on February 27, 1998, Sprint terminated her employment based on her age. On September 2, 1998, 161 days after FCHR received her complaint, Dixon filed a lawsuit against Sprint in the circuit court alleging a claim of age discrimination under the Act. Thereafter, Sprint sent Dixon a draft of its motion for summary judgment in which Sprint asserted that judgment should be entered in its favor because Dixon had filed her lawsuit prematurely by failing to wait the requisite 180 days. Once informed of her error, Dixon voluntarily dismissed her lawsuit without prejudice.
On January 7, 1999, Dixon filed a second complaint with FCHR alleging the same facts and circumstances as were alleged in her first complaint. FCHR received Dixon's second complaint 314 days after Sprint terminated her employment, thus within the mandatory 365 day time period. § 760.11(1), Fla. Stat. (1997).[6] When FCHR did not issue a reasonable cause determination within the following 180 days, Dixon filed a second complaint (the instant lawsuit) against Sprint in the circuit court.
Dixon's second complaint again alleged a claim of age discrimination under the Act. Sprint answered, generally denying liability and asserting the affirmative defense of statute of limitations. Sprint later filed a motion for summary judgment asserting that the instant lawsuit was barred by the Act's one year statute of limitations. § 760.11(5), Fla. Stat. (1997) (providing that when FCHR determines that reasonable cause exists, the employee has one year to file a civil action). Sprint maintained that Dixon's second administrative complaint constituted an amendment to her March 17, 1998 initial administrative complaint and thus the instant lawsuit, filed on December 22, 1999, was commenced *970 beyond the one year statute of limitations set forth in section 760.11(5) as recognized in Milano v. Moldmaster, Inc., 703 So.2d 1093 (Fla. 4th DCA 1997)(holding that a lawsuit must be filed within one year of the expiration of the 180 day waiting period following the FCHR's failure to issue a reasonable cause determination). Sprint also argued in the alternative that, by prematurely filing her first lawsuit, Dixon extinguished her right to file a second complaint with FCHR and thus a second lawsuit in the circuit court. As such, Sprint contended that Dixon's premature filing of her first lawsuit permanently divested FCHR of its jurisdiction to review her age discrimination claim. Sprint also maintained that the language of the Act permits an employee to file only "a" complaint with the FCHR with no allowance for the filing of successive complaints. The trial court entered summary judgment in favor of Sprint citing to Milano.
Dixon argues that the trial court's order must be reversed because the holding in Milano was abrogated by the Supreme Court in Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000), a decision released after the trial court entered the instant summary judgment order. We agree.[7] In Joshua, the Court held that Florida's four year statute of limitations applies when FCHR fails to make a reasonable cause determination prior to the expiration of the statutory 180 day time period. Thus, Joshua eliminates any arguable support for the trial court's decision to enter summary judgment based on Milano.
While acknowledging the controlling effect of Joshua, Sprint nevertheless maintains that there are two alternative grounds which support affirmance here. See Dade County School Board v. Radio Station WQBA, 731 So.2d 638, 645 (Fla.1999)(holding that the trial court's ruling must be affirmed if there is any basis in the record which supports it).
Sprint first argues that the instant summary judgment order can be affirmed based on the reasoning that an employee who prematurely files a lawsuit in the circuit court cannot start over again by filing a second administrative complaint since to do so would run afoul of Florida case law and the language of the Act, as well as create a precedent that would eviscerate the carefully-crafted procedure established by the Legislature to address such violations. To support its argument, Sprint cites to Sweeney v. Florida Power & Light Co., Inc., 725 So.2d 380 (Fla. 3d DCA 1998), Ayers v. Wal-Mart Stores, Inc., 941 F.Supp. 1163 (M.D.Fla.1996), and Brewer v. Clerk of Cir. Ct., Gadsden County, 720 So.2d 602 (Fla. 1st DCA 1998). Although each of these cases involve situations where an employee prematurely filed a lawsuit before the expiration of the statutory 180 day time period, none of the cases involves a situation where the employee was able to cure the error by later complying with the Act's time requirements prior to filing a subsequent and timely lawsuit. As a result, the cases relied on by Sprint are factually and legally distinguishable and do not support affirmance.
In Sweeney v. Florida Power & Light Co., Inc., 725 So.2d 380 (Fla. 3d DCA 1998), the employee filed his lawsuit only 160 days after FCHR received his complaint. When the employer moved for entry of summary judgment, the employee requested that the trial court hold his lawsuit in abeyance until the expiration of the 180 day time period. The trial court rejected *971 the employee's request and entered summary judgment in favor of the employer based upon the premature filing. Upon review the Third District affirmed, holding that the premature filing of the employee's lawsuit was fatal because the Act requires that FCHR be given 180 days to consider the employee's administrative complaint. The court explained that the premature filing "made it impossible" for the 180 day time period to run because "the very act of filing the lawsuit served to `divest [FCHR] of jurisdiction' to proceed." Id. at 381 (citing section 760.11(5) of the Florida Statutes (1997)). The court also explained that the premature filing prevented the accrual of the employee's statutory cause of action. Unlike Sweeney, the premature filing of Dixon's first lawsuit and subsequent voluntary dismissal thereof did not "make it impossible" for FCHR to have 180 days to consider her administrative complaint because Dixon filed a second administrative complaint within the applicable 365 day time period and then allowed FCHR more than 180 days to issue a reasonable cause determination before she filed her second lawsuit. Thus, Dixon's premature lawsuit did not prevent FCHR from performing its administrative duties nor prevent Dixon's cause of action from accruing.
Similarly, in Ayers v. Wal-Mart Stores, Inc., 941 F.Supp. 1163 (M.D.Fla.1996), the trial court granted summary judgment because the employee had filed her lawsuit only 117 days after she filed her administrative complaint. In defending against the employer's summary judgment motion, the employee maintained that the error resulting from the premature filing was cured when she amended her complaint after the 180 day period expired. Id. at 1166. In rejecting this argument, the court explained:
To allow [the employee] to proceed [under the Act], without having waited the required 180 day period would permit her to successfully circumvent the possibility of a dismissal and being locked into the sole remedy of an administrative hearing. By [the employee's] own request, the investigation of her complaint was terminated prior to the expiration of the 180 day period. The Court will not allow [the employee], by halting her investigation and filing suit before 180 days expired, to circumvent the carefully crafted procedural requirements of the Act.
Id. at 1167. Again, unlike the employee in Ayers, Dixon filed a second timely complaint and then allowed FCHR the full 180 day time period to review her complaint before filing her second lawsuit. Dixon did not circumvent the procedures of the Act or prevent the possibility of FCHR dismissing her complaint. Brewer v. Clerk of Cir. Ct., Gadsden County, 720 So.2d 602 (Fla. 1st DCA 1998) is similarly distinguishable because, like Sweeney and Ayers, the facts there involved a single prematurely filed lawsuit with no subsequent compliance with the Act's time requirements prior to filing a timely lawsuit. In sum, Sweeney, Ayers, and Brewer do not support Sprint's argument that the trial court's summary judgment order can be affirmed based on the law or public policy concerns expressed by the courts in those cases.
Sprint's second alternative argument is that the subsection of the Act which states that an aggrieved employee is entitled to file "a" complaint should be construed as meaning that an employee is limited to filing just one administrative complaint. See § 760.11(1), Fla. Stat. (1997). We reject Sprint's invitation to adopt such a construction of the statute as it is not supported by statutory or case law nor, in our view, by logic or common sense. By way of example, rule 1.110(a) of the Florida Rules of Civil Procedure, in defining pleadings that are available in a lawsuit, states: "[T]here shall be a complaint *972 or, when so designated by a statute or rule, a petition, and an answer to it." If we were to adopt Sprint's argument, then the language of rule 1.100(a) would prevent a party from ever filing more than one complaint, more than one petition, or more than one answer.
In addition, our ruling comports with section 760.11(3) of the Florida Statutes (1997), which requires that the Act be interpreted according to the fair import of its terms and liberally construed to further the general purposes of the Act. As the Joshua court stated: "We are guided by the Legislature's stated purpose for enacting this chapter and its directive that the Act be liberally construed in reaching our decision." Id. at 435.
REVERSED and REMANDED.[8]
SHARP, W., and PLEUS, JJ., concur.
NOTES
[1] § 760.11(1), Fla. Stat. (1997).
[2] § 760.11(3), Fla. Stat. (1997).
[3] § 760.11(7), Fla. Stat. (1997).
[4] §§ 760.11(4), (8), Fla. Stat. (1997).
[5] See Joshua v. City of Gainesville, 768 So.2d 432, 433 (Fla.2000)(holding that Florida's four-year general statute of limitations applies if FCHR fails to make a reasonable cause determination within 180 days).
[6] Later, FCHR sent Dixon a notice of dismissal of her first administrative complaint explaining that when she filed her first lawsuit the complaint was deemed withdrawn.
[7] The standard of review of a question of law is de novo. See Armstrong v. Harris, 773 So.2d 7 (Fla.2000).
[8] Dixon has filed a motion seeking an award of appellate attorney's fees pursuant to section 760.11(5) of the Florida Statutes (1999)(authorizing the award of prevailing party attorney's fees in any civil action brought under the Act). If Dixon is subsequently determined to be the prevailing party in this matter, the trial court is directed to award her a reasonable fee for prosecuting this appeal. See Spring Air Mattress Co. v. Cox, 413 So.2d 1265, 1267 (Fla. 1st DCA 1982)(recognizing the provisional grant of attorney's fees to the prevailing party on appeal).