833 So.2d 271 (2002)
Colleen L. McGHEE, Appellant,
v.
STERLING CASINO LINES, L.P., Appellee.
No. 5D02-608.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
*272 Thomas H. Yardley, Cocoa, for Appellant.
Patty Spivey of Hayden and Milliken, P.A., Cape Canaveral, for Appellee.
COBB, J.
Colleen McGhee, plaintiff below, appeals from an adverse final judgment entered pursuant to the entry of summary judgment for the defendant, Sterling Casino Lines, L.P. (Sterling).
Sterling's motion for summary judgment on McGhee's discrimination claim was based on the theory that McGhee's action had not been filed in accordance with the time periods contained in section 760.11, Florida Statutes (1999). In accordance with a work-sharing agreement between the United States Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR), each agency appointed the other as its "agent for the purpose of receiving, drafting and filing charges". The agreement provides that "EEOC's receipt of charges on the [FCHR's] behalf will automatically initiate the proceedings of both EEOC and [FCHR]". The agreement was in effect when Sterling terminated McGhee from employment on November 20, 1998 and ninety-one days later, on February 19,1999, McGhee delivered an affidavit to the Miami office of the EEOC alleging that her firing was discriminatory and requesting the dual filling of a discrimination charge with the FCHR.
Approximately eight months later, on October 28, 1999, McGhee contacted the EEOC by letter, advised it that more than 180 days had passed and asked for a "right to sue" letter from the agency. The EEOC had mislaid McGhee's paperwork and after discovering the original correspondence informed her by letter dated December 6, 1999, that her discrimination charge would be docketed "the date of its initial receipt". By this correspondence *273 the EEOC enclosed what it labeled a "sample charge of discrimination format for future use". McGhee's attorney was further advised to have his client date and sign five copies of EEOC Form 5 which contained the charge of discrimination. On December 17, 1999, McGhee executed EEOC Form 5 and submitted it to the EEOC, again requesting dual filing with the FCHR. EEOC records reflect that the agency received Form 5 on December 27, 1999 and sent notice of the charge to the FCHR. Sterling was notified and on January 21, 2000 filed a response to the EEOC's notice.
On January 28, 2000 the EEOC issued a formal determination finding that "more than 180 days have passed since the filing of this charge" and notified McGhee it was terminating the investigation. On April 6, 2000, pursuant to section 760.11(8), Florida Statutes (1999), the instant lawsuit was filed[1]. Sterling's motion for summary judgment was predicated on McGhee's failure to wait 180 days for the FCHR to make a determination under section 760.11 prior to filing her lawsuit. The affidavit of James Colon, coordinator of EEOC's Miami office recites that his office acts as agent for the FCHR and processes charges for it. The trial court granted Sterling's motion for summary judgment, finding that McGhee failed to file the proper form (Form 5) for dual filing with the FCHR until December 27, 1999 and that suit was filed prematurely, prior to expiration of the 180 day period.
McGhee's position is that the FCHR appointed the EEOC as its agent for purposes of filing state court discrimination claims and that since the EEOC authorized suit to be filed, it was timely filed even though because of an EEOC error, her discrimination charge was actually received by the FCHR less than 180 days before suit was filed. McGhee maintains that Wells Fargo Guard Services, Inc. of Florida v. Lehman, 799 So.2d 252 (Fla. 3d DCA 2001) supports her position.
Sterling counters that Wells Fargo is distinguishable and that the trial court correctly relied on an earlier Third District decision, Sweeney v. Florida Power and Light Co., 725 So.2d 380 (Fla. 3d DCA 1998). Sterling's position is that to permit a claimant to proceed without having waited the required 180 day period would allow her to circumvent the possibility of a dismissal leaving the sole remedy of an administrative hearing. § 760.11(7), Fla. Stat. See Ayers v. Wal-Mart Stores, Inc., 941 F.Supp. 1163 (M.D.Fla.1996).
Wells Fargo involved a situation where the plaintiff, Lehman filed an employment discrimination claim with the EEOC on September 6, 1995 but failed to specifically request dual filing with the FCHR. Lehman's attorney wrote to the EEOC the next day and requested dual filing with the FCHR but inexplicably the FCHR did not receive a copy of the complaint from the EEOC until September 25, 1995. Lehman filed his lawsuit after receiving a "right to sue" notice from the EEOC dated February 23, 1996, approximately 180 days from the September 6 filing but less than 180 days from the September 25 receipt of the claim by the FCHR.
In rejecting the defendant's contention that suit was premature, the Third District, relying on the work-sharing agreement *274 between the EEOC and FCHR which designated each other as its agent for the purpose of receiving workplace discrimination charges, explained:
This language indicates that when the EEOC receives a complaint, it is deemed to be filed a that time, and not on the later date when a copy is received by the FCHR ...
* * *
Because courts generally defer to an agency's interpretation of the statutes it is charged with administering, we now hold that when a charge is dually filed with the EEOC and the FCHR, the date of filing with the EEOC shall also be considered the date of filing with the FCHR. See Dawkins v. Bellsouth Telecomms., Inc., 53 F.Supp.2d 1356, 1360 (M.D.Fla.1999) (because plaintiff indicated to the EEOC that she wished her complaint to be dually filed with the FCHR, plaintiff will be deemed to have filed with the FCHR on the same date as filing with the EEOC). Thus, as Lehman's charge was dually filed with both agencies, and his complaint was filed 180 days after filing a charge with the EEOC, Lehman's complaint was not brought prematurely and the trial court properly denied Wells Fargo's motion to dismiss.
799 So.2d at 254.
The court distinguished its earlier decision in Sweeney where it had affirmed the dismissal of the plaintiff's complaint which had been filed more than 180 days after filing with the EEOC but less than 180 days after receipt of the claim by the FCHR. The court had held that the 180 days required by section 760.11, Florida Statutes, began to run when the FCHR received a copy of the claim, not when the claim was filed with the EEOC. The court harmonized its two decisions, explaining:
[I]n Sweeney, the FCHR received a copy of the claim pursuant to a work-sharing agreement, not at the plaintiff's request, and there was no indication that the plaintiff wished to dually file his claim with the FCHR. Additionally, the Sweeney court did not have the benefit of the actual text of the work-sharing agreement, nor of explanatory affidavits, as we do here.
Id.
The Wells Fargo decision, being predicated upon well settled rules of agency and administrative law, governs here. McGhee filed her claim by affidavit with the EEOC and sought dual filing with the FCHR. The EEOC, while initially misplacing the paperwork, ultimately found it and deemed that the filing would be docketed as of the date of its initial receipt. Given the agency relationship between the two administrative entities, the date of filing with the EEOC is deemed the date of filing with the FCHR.
We reject Sterling's argument, accepted by the trial court, that McGhee's initial filing with the EEOC was insufficient to accomplish a dual filing because EEOC Form 5 had not been completed. Sterling cites to no statute, agency rule or court decision expressing that EEOC Form 5 must be completed to initiate a valid dual filing of a discrimination charge.[2] Indeed, while the EEOC instructed McGhee to execute Form 5, the EEOC expressly stated that the discrimination charge would be *275 docketed "the date of its initial receipt". Further on January 28, 2000, the EEOC issued its formal determination that "more than 180 days have passed since the filing of this charge", even though only 42 days had passed since McGhee executed and submitted Form 5 to the EEOC. The EEOC thus did not consider McGhee's February 19, 1999 filing of her discrimination charge by affidavit to be defective in any way and the well settled rule that courts should defer to an agency's interpretation of the statutes and rules it is charged with administering[3] applies to this determination.
The trial court, at Sterling's urging, relied on provisions in the work-sharing agreement in ruling that completion of Form 5 was necessary for a claim to be deemed dual filed. In particular, paragraph D of the agreement provides:
For charges that are to be dual-filed, each Agency will use EEOC Charge Form 5 (or alternatively, an employment discrimination charge form which within statutory limitations, is acceptable in form and content to EEOC and the FEPA) to draft charges. Specifically, each agency will forward an Affidavit taken at the time of intake and copy of the Charge Information Form. When a charge is taken based on disability, the nature of the disability shall not be disclosed on the face of the charge.
This provision, as with the remainder of the agreement, relates to the administrative processing of claims between the two agencies. The paragraph does not expressly provide that a charge will not be deemed dual filed until Form 5 is executed and filed by the claimant. Sterling references no rule of the EEOC[4] or the FCHR so providing. Since Chapter 760 is remedial and should be liberally construed to effectuate its purpose, Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000), the work-sharing agreement should not be interpreted as elevating an apparent matter of administrative convenience among agencies into an immutable jurisdictional filing date which directly impacts when a lawsuit may be brought.
The trial court erred in concluding that McGhee's claim could not be considered dually filed until Form 5 had been completed and returned. The date of filing with the EEOC is to be considered the date of filing with the FCHR. Wells Fargo, 799 So.2d at 254. McGhee's action was not brought prematurely and the trial court erroneously entered summary judgment for Sterling.
REVERSED AND REMANDED.
SHARP, W. and ROUSE, JR., R. K., Associate Judge, concur.
NOTES
[1] Under the Florida law in effect at the time McGhee's claim arose, a person who claimed a violation of the Florida Civil Rights Act was required to file a complaint with the FCHR within 365 days of the alleged violation. § 760.11, Fla. Stat. (1999). The claimant then had to wait 180 days for the agency to investigate and determine whether there was reasonable cause to believe that a discriminatory practice occurred. § 760.11(3), Fla. Stat. Only upon a finding of reasonable cause could a lawsuit be filed.
[2] Section 760.11(1) Florida Statutes provided that a complaint alleging discrimination be verified, name the person responsible for the violation and describe the violation by way of a "short and plain statement of the facts describing the violation and the relief sought". McGhee's February 19, 1999 affidavit filed with the EEOC met these requirements. It also complied with Title VII of the Civil Rights Act of 1964, as amended. See 42 U.S.C. § 2000e5 (b).
[3] See Beach v. Great Western Bank, 692 So.2d 146, 149 (Fla.1997) ("an agency's interpretation of its own regulations has traditionally been accorded considerable respect").
[4] The EEOC's formal rules do not mention Form 5. See 29 C.F.R. § § 1601.6-1601.14. Indeed 29 C.F.R. § 1601.9 entitled "Form of charge" merely provides "A charge shall be in writing and signed and shall be verified".