960 So.2d 3 (2005)
Robert JACKSON, Appellant,
v.
WORLDWIDE FLIGHT SERVICES, INC., Appellee.
No. 3D03-3384.
District Court of Appeal of Florida, Third District.
March 30, 2005.
Neil Rose, Hollywood; J.H. Zidell, Miami Beach, for appellant.
Akerman Senterfitt, and Rexford H. Stephens, and Harold E. Morlan, Orlando, and Debra Lubkin, Ft. Lauderdale, for appellee.
Before COPE, RAMIREZ, and WELLS, JJ.
RAMIREZ, J.
Robert Jackson appeals the trial court's dismissal with prejudice of his amended complaint. We reverse because any defect in his prematurely-filed discrimination claim was subsequently cured when the *4 Florida Commission on Human Relations issued Jackson a right-to-sue letter.
On December 3, 2001, Jackson filed with the Commission a Charge of Discrimination against Worldwide Flight Services, Inc. On May 22, 2002, 170 days later, he filed a civil action alleging racial discrimination in violation of the Florida Civil Rights Act of 1992, §§ 760.01-760.11, Fla. Stat. (2000). In June 2003, the court dismissed Jackson's lawsuit because Jackson had filed suit before the expiration of the required 180-day investigative period set forth in section 760.11, Florida Statutes (2000).
Following the court dismissal, Jackson contacted the Commission which, on July 3, 2003, issued a "Notice of Dismissal and Right to Sue," stating that more than 180 days had elapsed since Jackson had filed his complaint with the Commission, and citing to Woodham v. Blue Cross & Blue Shield of Florida, 829 So.2d 891 (Fla.2002). The letter explained that Jackson could pursue his claim with the Division of Administrative Hearings within thirty-five days of the dismissal, or in civil court within one year of the dismissal, provided that such time period did not exceed four years from the date of Worldwide's alleged violation.
On August 7, 2003, Jackson filed a new civil action against Worldwide in which he alleged negligent retention, intentional infliction of emotional distress, and racial discrimination in violation of the Act. Worldwide moved to dismiss Jackson's amended complaint for lack of subject matter jurisdiction. Worldwide argued that Jackson violated the Act when he commenced the initial civil action without waiting 180 days after filing the Charge of Discrimination with the Commission. The trial court granted Worldwide's motion to dismiss with prejudice based on Sweeney v. Florida Power & Light Co., 725 So.2d 380 (Fla. 3d DCA 1998).
We hold that the trial court incorrectly dismissed Jackson's claim against Worldwide. Although the initial claim was premature under the Florida Civil Rights Act, Jackson cured this defect by subsequently obtaining a right-to-sue letter from the Commission before he filed his second civil action. In fact, the Commission has filed an Amicus Curiae Brief arguing that it validly issued its right-to-sue letter and that the trial court improperly dismissed this case.
Jackson's first lawsuit against Worldwide was dismissed because Jackson filed the action ten days before the 180-day period required under section 760.11(8), Florida Statutes (2000). Jackson subsequently obtained a right-to-sue letter from the Commission. He filed his action again, within the statute of limitations, based on the Commission's letter recognizing that more than 180 days had lapsed since Jackson's complaint was filed. Accordingly, pursuant to Woodham, the Commission dismissed Jackson's claim, which then allowed Jackson to pursue his claim in civil court within one year of the date of the Commission's dismissal. The Commission's July 3, 2003 letter acknowledged Jackson's compliance with section 760.11(8), Florida Statutes (2000), permitting him to proceed with his claim in civil court.
The trial court's reliance upon Sweeney is misplaced. The claimant in Sweeney did not attempt to re-file the complaint after the court dismissed the complaint. In Sweeney, this Court did not hold that a plaintiff like Jackson could not cure the defect of a prematurely filed complaint. Indeed Sweeney does not address that issue at all.
The case before us is more akin to Dixon v. Sprint-Florida, Inc., 787 So.2d 968 *5 (Fla. 5th DCA 2001), which allowed the claimant the right to cure its premature filing. The Fifth District stated that the premature filing of Dixon's lawsuit did not make it impossible for the Commission to have 180 days to consider her administrative complaint because she filed a second administrative complaint within the applicable 365 day time period and then allowed the Commission more than 180 days to issue a reasonable cause determination before she filed her second lawsuit. The court concluded that Dixon's premature lawsuit did not prevent the Commission from performing its administrative duties nor prevent Dixon's cause of action from accruing.
Likewise here, following the dismissal of Jackson's prematurely filed lawsuit, he requested a right-to-sue letter. At that point the Commission could have insisted on a new 180-day investigative period, as in Dixon. Instead, the Commission issued the right-to-sue letter. There is nothing in the record to indicate that Jackson hampered or rushed the Commission's investigation. We thus conclude that Jackson complied with the Act's requirements before filing his second lawsuit.
We reject Worldwide's contention that the Commission was divested of jurisdiction to correct the originally premature filing of Jackson's claim. Section 760.11(5), Florida Statutes (2000), in pertinent part, states:
A civil action brought under this section shall be commenced no later than 1 year after the date of determination of reasonable cause by the commission. The commencement of such action shall divest the commission of jurisdiction of the complaint, except that the commission may intervene in the civil action as a matter of right.
Here, the original premature filing was not begun after the date of the reasonable cause determination or after the Commission's 180-day period to consider Jackson's claim. Accordingly, the original premature filing was not "such action" divesting the Commission of jurisdiction over Jackson's complaint. In other words, because the original premature claim was not properly before the court, the Commission was not divested of jurisdiction. The Commission was not divested of jurisdiction until Jackson refiled his complaint in circuit court when he properly commenced it after the July 3, 2003 issuance of the right-to-sue letter.
We therefore reverse the trial court's dismissal with prejudice of Jackson's amended complaint and remand for its reinstatement.
Reversed and remanded.
WELLS, J., concurs.
COPE, J. (concurring).
Where a plaintiff's lawsuit is dismissed as prematurely filed (prior to the expiration of the statutory 180-day period), the Florida Commission on Human Relations (the "Commission" or "FCHR") may thereafter resume jurisdiction and issue a right-to-sue letter.
In the present case the plaintiff filed suit on the 170th day and the suit was dismissed as premature. At the plaintiff's request the Commission resumed jurisdiction and subsequently issued a right-to-sue letter.
Writing in a similar case, the United States District Court for the Southern District of Florida said:
Once I dismissed his complaint without prejudice, Mr. Gaitor went back to pursue his remedies with the FCHR. At that point, the agency certainly had the ability to require Mr. Gaitor to start the entire process over, by filing a second *6 complaint before the commission. The agency, however, did not require a new complaint. Instead, it resumed its consideration of Mr. Gaitor's original complaint and, after the remaining 10 days had passed, issued a right to sue notice to Mr. Gaitor. See Notice of Dismissal and Right to Sue Letter, attached to D.E. 80. This decision is significant, since the FCHR is the agency responsible for interpreting the FCRA [Florida Civil Rights Act], and I must give its interpretations great deference unless they are clearly erroneous. See Donato v. American Telephone and Telegraph Co., 767 So.2d 1146, 1153 (Fla.2000) ("We recognize the general rule that the interpretation of a statute by the administrative agency or body charged with its enforcement is entitled to great deference and should not be overturned unless clearly erroneous or in conflict with the legislative intent of the statute") (internal quotation and citation omitted); accord Bellsouth [BellSouth] Telecommunications, Inc. v. Johnson, 708 So.2d 594, 596 (Fla.1998).
Gaitor v. Worldwide Flight Services, Inc., Case No. 02-21757-Civ-JORDAN, order at 2 (S.D.Fla. Dec. 19, 2003); see also Webb v. Worldwide Flight Services, Inc., No. 02-21758-Civ-ALTONAGA, order at 4 (S.D.Fla. Dec. 9, 2003).
The Commission's practice of resuming jurisdiction is consistent with the purposes of the statute, see § 760.01, Fla. Stat. (2003), and serves the important policy of resolving disputes on their merits.