KAHN, J.,
concurring.
I agree that we are required to reverse in this case. I do not, however, completely agree that a JCC, in reviewing a motion to dismiss, is quite as constrained as the majority opinion suggests. As we indicated in Brewer v. Clerk of Circuit of Court, Gadsden County, where the parties are in agreement, the trial court may treat “the hearing on the motion to dismiss as a summary judgment hearing.” 720 So.2d 602, 604 (Fla. 1st DCA 1998). In other words, the parties, by stipulation, may submit to the trial court at the motion-to-dismiss stage, a dispositive issue, even though that issue may rely, at least in part, upon non-record matters. Id. (“The issue of whether appellant had complied with the statutory prerequisite was thus tried by stipulation or consent of the parties.”); see also City of Clearwater v. U.S. Steel Corp., 469 So.2d 915, 916 (Fla. 2d DCA 1985) (“The parties, however, stipulated that the court could consider and take judicial notice of all other proceedings between them. The trial court therefore properly considered the issue of res judica-ta.”).
*1129 I believe, respectfully, that such flexibility is particularly appropriate in a workers’ compensation matter which, in many instances, will involve serial petitions for benefits, just as in the present case. The result reached by the majority is correct because we can easily glean from the transcript of the hearing in this case that counsel for appellant never agreed that the JCC could look beyond the four corners of the petition. Accordingly, and with this minor qualification, I concur.