SANDRA SHERIDAN,

      Appellant,

v.

STATE OF FLORIDA,
DEPARTMENT OF HEALTH,

      Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-91

Opinion filed January 6, 2016.

An appeal from the Circuit Court for Leon County.
James Roy Bean, III, Senior Judge

Marie A. Mattox, James P. Garrity, and Lisa C. Lambert of Marie A. Mattox, P.A., Tallahassee, for Appellant.

Richard E. Johnson of the Law Office of Richard E. Johnson, Tallahassee, and Michelle Erin Nadeau of Kwall, Showers, Barack & Chilson, P.A., Clearwater, for Amicus Curiae National Employment Lawyers Association, Florida Chapter, for Appellant.

Linda Bond Edwards and Brian L. Hayden of Rumberger, Kirk, & Caldwell, Tallahassee, for Appellee.


RAY, J.

In this employment discrimination action, Sandra Sheridan appeals a final summary judgment in favor of the Florida Department of Health for her failure to satisfy the administrative prerequisites of the Florida Civil Rights Act of 1992

before filing her lawsuit against the Department. We agree with the Department that Ms. Sheridan's lawsuit was premature because it was filed before the Florida Commission on Human Relations was afforded the 180 days provided by statute to investigate the underlying discrimination charge and determine whether there is reasonable cause to believe that a discriminatory practice occurred. However, final summary judgment for the Department was not justified, because the passage of time cured the problem of the prematurely filed lawsuit. Accordingly, we reverse final summary judgment for the Department and remand for the trial court to reinstate the action.

## I. The Florida Civil Rights Act of 1992

The Florida Civil Rights Act of 1992 ("FCRA") is remedial legislation designed "to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status." § 760.01(2), Fla. Stat. (2012). By its express terms, the FCRA must be liberally construed to further its general purposes and the special purposes of the particular provision involved. § 760.01(3). As a corollary, the FCRA's administrative preconditions on an individual's right of access to courts to seek redress for unlawful discrimination must be narrowly construed in a manner that favors access. Woodham v. Blue Cross and Blue Shield of Fla., Inc., 829 So. 2d 891, 897 (Fla. 2002).

2

Prior to filing a civil action alleging discrimination in violation of the FCRA, the individual seeking relief must file a complaint with the Florida Commission on Human Relations ("Commission") within 365 days of the alleged violation and exhaust the administrative remedies provided by the FCRA. § 760.11(1), (4); Woodham, 829 So. 2d at 894. Under a worksharing arrangement between the Commission and the U.S. Equal Employment Opportunity Commission ("EEOC"), each agency has authorized the other to accept discrimination charges or complaints on the other's behalf. In this context, the date the complaint is filed with the Commission is the earliest date of filing with the EEOC or the Commission. § 760.11(1).

Once this filing occurs, the Commission has 180 days to investigate the allegations in the complaint and determine if reasonable cause exists to believe that a discriminatory practice has occurred. § 760.11(3). The FCRA contemplates three possible scenarios at that point:

(1)    If the Commission determines that "reasonable cause" exists, the claimant has two options: (1) bring a civil action in a court of competent jurisdiction or (2) request an administrative hearing under sections 120.569 and 120.57, Florida Statutes. § 760.11(4).

(2)    If the Commission determines that "no reasonable cause" exists, it must dismiss the complaint. § 760.11(7). At that point, the claimant

3

may request an administrative hearing before an administrative law judge. Id. If the administrative process yields a final order that concludes that a violation of the FCRA did occur, the claimant may either bring a civil action as if there had been a reasonable cause determination or accept the relief offered by the final order. Id.

(3) If the Commission fails to conciliate or determine whether there is reasonable cause within 180 days of the date the complaint is filed, the claimant may proceed with the remedies provided as if the Commission determined that there was reasonable cause (i.e., bring a civil action or request administrative review). § 760.11(8).

A civil action brought under the FCRA must be filed "no later than 1 year after the date of determination of reasonable cause by the commission." § 760.11(5). The "commencement of such action" divests the Commission of jurisdiction over the complaint. Id.

## II. Ms. Sheridan's Case

After being terminated from employment with the Department, Ms. Sheridan filed a charge of discrimination with the EEOC, alleging that she had been the victim of racial discrimination at the hands of Department employees in violation of "Chapter 760 of the Florida Civil Rights Act and/or Title VII of the Federal Civil Rights Act." Ms. Sheridan designated on the EEOC charge form that she

4

intended the charge to be dual-filed with the Commission. A few weeks later, the EEOC mailed Ms. Sheridan a "Dismissal and Notice of Rights," advising that it was closing its file because the "charge was not timely filed with the EEOC." With respect to the right to sue, the form stated:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Within ninety days of receipt of the EEOC's right-to-sue notice, and forty-four days after filing her charge of discrimination with the EEOC, Ms. Sheridan filed a complaint in state court alleging one count of race discrimination under the FCRA. Limited discovery ensued. The Department thereafter filed a motion for summary judgment, contending that Ms. Sheridan failed to meet the administrative prerequisites necessary to bring suit under the FCRA. The Department contended that Ms. Sheridan's complaint was premature because it was filed before the Commission made a reasonable cause determination regarding the validity of the charge and before the expiration of the Commission's 180-day statutory investigatory period. This premature filing, the Department argued, divested the Commission of jurisdiction to act on the charge and prevented the accrual of Ms. Sheridan's claim under the FCRA. Moreover, the Department asserted that the defect of the prematurely filed lawsuit could not be cured by the filing of a new

5

discrimination charge with the Commission because more than 365 days had passed since the alleged discriminatory act.

The court granted the motion for final summary judgment, adopting the arguments and reasoning of the Department. Ms. Sheridan moved for rehearing before a successor trial judge. After hearing arguments of counsel and reviewing the record, the court denied the motion for rehearing and entered final judgment in favor of the Department.

On appeal, Ms. Sheridan argues that the court erred in granting final summary judgment for the Department because, as was argued below, she complied with the administrative prerequisites of the FCRA by dual-filing her charge of discrimination with the EEOC and the Commission, and by commencing her civil action against the Department within the 90-day window set forth in the EEOC's right-to-sue notice. She contends that the two agencies speak as one under their worksharing agreement and that the EEOC's notice was the legal trigger requiring her to file her lawsuit when she did, even though the requisite 180 days under the FCRA had not passed. Alternatively, she argues that a prematurely filed civil action does not divest the Commission of jurisdiction of the discrimination charge, so the court should have held her case in abeyance pending the passage of the 180-day period, or dismissed the case without prejudice. By granting summary

judgment for the Department, Ms. Sheridan argues, the trial court violated the FCRA's mandate for liberal construction and denied her due process.

## III. Discussion

The undisputed facts reveal that Ms. Sheridan timely filed a race discrimination complaint under the FCRA by dual-filing the charge with the EEOC and the Commission within one year after the alleged discriminatory act. The Department does not contend otherwise. The parties disagree, however, on whether Ms. Sheridan's civil action based on that charge was prematurely filed against the Department, and if so, whether the premature filing warranted final summary judgment against Ms. Sheridan. We review the trial court's order de novo "to determine whether there are genuine issues of material fact and whether the trial court properly applied the correct rule of law." Glaze v. Worley, 157 So. 3d 552, 553-54 (Fla. 1st DCA 2015).

### A.

The Department contends, and the trial court agreed, that Ms. Sheridan prematurely filed her lawsuit against the Department by commencing the action before the Commission made a cause determination on the discrimination charge or had the opportunity to utilize the full 180-day investigatory period provided by the FCRA. Conversely, Ms. Sheridan argues that her lawsuit was timely because under the worksharing agreement between the Commission and the EEOC, the

7

right-to-sue notice issued by the EEOC governed her claims against the Department under state law as well as federal law. She submits that she was presented with a Hobson's Choice of either complying with the 90-day "right to sue" deadline provided by the EEOC's notice or waiting for the Commission's 180-day investigatory period to run. Ms. Sheridan contends that the order granting summary judgment violated her due process rights because the trial court's interpretation of the EEOC's right-to-sue notice required her to take some other undefined administrative action to preserve her state law claim.

We find no merit to Ms. Sheridan's arguments on this point. The EEOC's right-to-sue notice is clear that the 90-day window applies only to claims under *federal law* brought in federal or state court. No such claim was made in this case. The right-to-sue notice also put Ms. Sheridan on notice that "[t]he time limit for filing suit based on a claim under state law may be different." Nothing on the face of the notice reasonably suggests that Ms. Sheridan had only 90 days from receipt of the notice to bring her state law discrimination claim against the Department in state court.

The express language and import of the notice is consistent with the provisions of the FCRA and applicable case law. The FCRA clearly delineates when, and under what circumstances, a civil action may be filed for unlawful discrimination after a charge is timely filed with the Commission. It is only after

8

the Commission determines there is reasonable cause to believe that unlawful discrimination occurred, or the charge remains unresolved for 180 days, that an aggrieved party may seek redress in court. § 760.11(4), (8). On the other hand, if the Commission determines, within the 180-day period, that there is no reasonable cause, the claimant is limited to review before an administrative law judge under Chapter 120, Florida Statutes, and cannot file a civil action unless that review is successful. § 760.11(7). As this Court has previously stated, the framework of the FCRA "permits those subjected to unlawful workplace discrimination to seek redress, imposes a preliminary screening procedure to weed out unmeritorious claims, and avoids having that screening process arbitrarily eliminate the right to review by allowing those whose charges are not efficiently handled to proceed to circuit court if no ruling has been rendered in 180 days." McElrath v. Burley, 707 So. 2d 836, 840 (Fla. 1st DCA 1998) (upholding the constitutionality of the FCRA against access-to-courts challenge). It is axiomatic that the carefully crafted administrative regime of the FCRA is frustrated when a claimant acts contrary to its express terms.

Because Ms. Sheridan failed to satisfy the administrative preconditions of the FCRA, she was not authorized by law to commence a civil action against the Department in the absence of a reasonable cause determination from the Commission. To hold otherwise would potentially allow a claimant "to

9

successfully circumvent the possibility of a dismissal and being locked into the sole remedy of an administrative hearing." Ayers v. Wal-Mart Stores, Inc., 941 F. Supp. 1163, 1167 (M.D. Fla. 1996).

Despite the clear and unambiguous procedural requirements of the FCRA, Ms. Sheridan appears to argue that under the worksharing agreement between the Commission and the EEOC, the right-to-sue notice issued by the EEOC operated as a reasonable cause determination by the Commission, opening the door for her to file her lawsuit without having to wait the requisite 180 days. Ms. Sheridan does not point to any provision in the worksharing agreement or the FCRA that dictates that an EEOC determination on a federal claim binds the Commission for purposes of determining a claimant's right to proceed with a cause of action under the FCRA. Even if that arrangement existed, it is not applicable because the EEOC's right-to-sue notice was issued in this case because Ms. Sheridan's federal claim was not timely filed with the EEOC. The EEOC did not make a cause determination on Ms. Sheridan's claim. Accordingly, the right-to-sue notice did not abrogate the Commission's statutory mandate to determine if there is reasonable cause to believe that a discriminatory practice has occurred in violation of the FCRA. See § 760.11(3). For the same reason, Ms. Sheridan could not rely on the 90-day deadline announced in the EEOC's right-to-sue notice to bypass the

requirement that she wait 180 days before filing suit in the absence of a reasonable cause determination from the Commission.

The Florida Supreme Court's decision in <u>Woodham v. Blue Cross and Blue Shield of Florida, Inc.</u>, 829 So. 2d 891, 897 (Fla. 2002), supports our conclusion. In that case, the court held that an EEOC dismissal and right-to-sue notice based on the EEOC's determination that it was "unable to conclude" that there was a violation of the FCRA did not amount to a finding by the Commission that "there is not reasonable cause" to believe that a violation of the FCRA occurred. <u>Woodham</u>, 829 So. 2d at 897. Had the EEOC's determination constituted a "no cause" determination by the FCHR, the claimant's only recourse would have been through administrative review, not the courts. <u>Id.</u> The Court reasoned, however, that the plain language of section 760.11(7) requires a specific determination *"that there is not reasonable cause"* to believe a violation occurred before foreclosing an individual's ability to sue in court. <u>Id.</u>

In this case, as in <u>Woodham</u>, the EEOC did not pass on the validity of the discrimination charge by making either a cause or a no-cause determination. Therefore, the EEOC's right-to-sue notice cannot operate to circumvent the administrative prerequisites of the FCRA. Because Ms. Sheridan filed her lawsuit against the Department before obtaining a reasonable cause determination from the

11

Commission or waiting for 180 days to lapse, she failed to exhaust administrative remedies.

B.

Ms. Sheridan argues alternatively that if her lawsuit was prematurely filed, the court should have held the case in abeyance to allow the statutory 180-day period to run or dismissed the complaint without prejudice. Adopting the arguments of the Department below, the trial court concluded that once Ms. Sheridan commenced her civil suit, it divested the Commission of jurisdiction over Ms. Sheridan's claim and prevented the accrual of a cause of action under the FCRA. The Department relied primarily on the Third District Court of Appeal's reasoning in Sweeney v. Florida Power and Light Co., 725 So. 2d 380 (Fla. 3d DCA 1998), to argue that the premature filing of Ms. Sheridan's complaint was fatal to her discrimination claim because it made it impossible for the Commission to have the full 180 days to conciliate and investigate the charge.

Ms. Sheridan relies on a more recent case from the Third District Court of Appeal, Jackson v. Worldwide Flight Services, Inc., 960 So. 2d 3 (Fla. 3d DCA 2005), as well as a decision from the United States Court of Appeals for the Eleventh Circuit, Webb v. Worldwide Flight Service, Inc., 407 F.3d 1192 (11th Cir. 2005), both of which flatly reject the position that the premature filing of a

civil action under the FCRA divests the Commission of jurisdiction. We agree with Jackson and Webb on this narrow issue.

The debate between the parties concerning the effect of a prematurely filed complaint on the Commission's jurisdiction centers on the interpretation of the following provision of the FCRA:

> A civil action brought under this section shall be commenced no later than 1 year after the date of determination of reasonable cause by the commission. *The commencement of such action shall divest the commission of jurisdiction of the complaint*, except that the commission may intervene in the civil action as a matter of right.

§ 760.11(5) (emphasis added). The Department contends that, under this provision, the filing of *any* civil action under the FCRA divests the Commission of jurisdiction of the discrimination charge, therefore requiring the plaintiff of a prematurely filed FCRA lawsuit to restart the administrative process by filing a new charge with the Commission and then waiting for a cause determination or the expiration of 180 days before initiating a subsequent civil action. We disagree with the Department's interpretation of section 760.11(5).

As Judge Joel F. Dubina wrote for a unanimous panel in Webb v. Worldwide Flight Service, Inc.:

> The term, "commencement of such action," in section 760.11(5), refers to a civil action that is timely filed "after the date of determination of reasonable cause by the commission." Section 760.11(5) does not provide that a civil action that is filed prior to a reasonable cause determination, or the equivalent 180 day filing period set forth in section 760.11(8), divests the commission of jurisdiction.

13

407 F.3d at 1194. Consistent with the reasoning of the Eleventh Circuit, we conclude that the Commission is not divested of jurisdiction of a timely filed discrimination charge when the claimant prematurely files a civil action based on that charge. In the context of section 760.11(5), only a properly filed civil action divests the Commission of jurisdiction. Id.; see also Jackson, 960 So. 2d at 5 (distinguishing its earlier decision in Sweeney).

## C.

While a prematurely filed complaint does not, by itself, divest the Commission of jurisdiction, it does not necessarily follow that the appropriate disposition in all such cases is for the trial court to hold the lawsuit in abeyance pending the conclusion of the administrative process. The appropriate disposition of prematurely filed actions varies depending on the nature of the premature element and the circumstances surrounding the premature act. Shuck v. Bank of America, N.A., 862 So. 2d 20, 24 (Fla. 2d DCA 2003). When the premature element of a claim is curable simply by the passage of time, courts generally determine that the appropriate disposition is abatement of the action until the cause matures. Id. (citing Thomas v. Suwannee County, 734 So. 2d 492, 497 (Fla. 1st DCA 1999)). However, if the action is premature because one of the essential elements of the claim is contingent upon the occurrence of an event that may or may not occur, the appropriate disposition is dismissal. Id. at 25.

14

By design, the administrative exhaustion requirements of the FCRA involve more than the mere passage of time. They entail a period of investigation and efforts at conciliation by the Commission, and the potential that a claimant may be foreclosed from immediate judicial review if the Commission finds "no cause" as to the underlying discrimination charge. These factors weigh in favor of dismissal as opposed to abatement. This Court has previously held that when a claimant requests and obtains a dismissal of her discrimination charge from the Commission prior to the expiration of the 180-day period, her prematurely filed complaint based on that charge must be dismissed. Brewer v. Clerk of Circuit Court, Gadsden County, 720 So. 2d 602, 604-05 (Fla. 1st DCA 1998) (citing Ayers, 941 F. Supp. at 1167).

In the case before us, however, the undisputed facts favor a resolution that would allow Ms. Sheridan's lawsuit to proceed to a resolution on its merits. At the summary judgment hearing, the record evidence established that the Commission had not received the underlying charge of discrimination from the EEOC within the Commission's 180-day investigatory window and, as a result, the Commission had not opened a case file or initiated any investigation of the discrimination charge. In fact, well over a year after Ms. Sheridan filed her charge of discrimination, the Commission's Executive Director swore by affidavit that the Commission had no record of the charge, nor any record of receiving the charge.

By the time the Department moved for summary judgment, it was clear from the record that Ms. Sheridan's discrimination charge had fallen through the proverbial cracks of the worksharing arrangement and that the Commission had not and would not have taken any action on it.

Under the unique facts of this case, the premature filing of Ms. Sheridan's lawsuit was indeed cured by the passage of time before the issue of the premature filing went before the trial court. The premature filing did not deprive the Commission of the opportunity to fulfill its statutorily mandated responsibilities under the Act and, due to the timing of the proceedings in the trial court, did not threaten to circumvent the possibility of a dismissal by the Commission which would have foreclosed the option of filing an action in court. Since the passage of time cured the defect of the prematurely filed complaint, the trial court erred in granting final summary judgment for the Department. See Thomas, 734 So. 2d at 497 (holding that it was improper for the trial court to dismiss a claim for failure to comply with a statutory condition precedent, since the passage of time had cured the problem before the trial court acted on the motion to dismiss); Angrand v. Fox, 552 So. 2d 1113, 1115 (Fla. 3d DCA 1989) (deciding that where the only alleged defect in the complaint was that it was filed too soon, dismissal would serve no purpose other than to benefit the clerk by requiring the payment of additional fees).

## IV. <u>Conclusion</u>

Consistent with our charge to liberally construe the FCRA so as not to unduly restrict a citizen's constitutionally guaranteed access to the courts, we reverse the order granting final summary judgment for the Department and remand for the trial court to reinstate Ms. Sheridan's complaint.

ROBERTS, C.J. and THOMAS, J. CONCUR.