# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0431
Lower Tribunal No. 21-4960
_____


**Paula Grace Willis,**
Appellant,

vs.

**Accenture, Inc., et al.,**
Appellees.


An appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Behren Law Firm, and Scott M. Behren (Weston), for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Michelle D. Cofiño, and Reginald J. Clyne, for appellees.


Before SCALES, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Paula Grace Willis, challenges a final order dismissing her amended complaint alleging violations of the Florida Civil Rights Act of 1992 (FCRA), as amended, codified in section 760.01 et seq., Florida Statutes (2019), and tortious interference with a business relationship. Bound by the holding in Woodham v. Blue Cross & Blue Shield of Florida, Inc., 829 So. 2d 891, 897 (Fla. 2002), we find that the dismissal and notice of rights letter by the Equal Employment Opportunity Commission (EEOC) was not the equivalent of a reasonable cause finding by the Florida Commission on Human Relations (FCHR). See § 760.11(3), Fla. Stat. ("Within 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the [FCRA]."); see also Sheridan v. State, Dep't of Health, 182 So. 3d 787, 793 (Fla. 1st DCA 2016) ("[T]he EEOC's right-to-sue notice cannot operate to circumvent the administrative prerequisites of the FCRA."); Cisko v. Phoenix Med. Prod., Inc., 797 So. 2d 11, 14 (Fla. 2d DCA 2001) ("[W]e conclude that the EEOC's finding that 'the EEOC is unable to conclude that the information obtained establishes violations of the statutes' does not amount to a finding that there is not reasonable cause to believe that a violation of the [FCRA] has occurred."). As retroactive application of section 760.11, Florida Statutes (2020), is not supported by the expressed

2

intent of the legislature or the chronology of this dispute, and the parties stipulated below the tortious interference claims should be dismissed "without prejudice," we are constrained to reverse and remand for further proceedings.  See Dade County v. Ferro, 384 So. 2d 1283, 1286 (Fla. 1980) (quoting 51 Am. Jur. 2d Limitation of Actions § 57) ("[I]n the absence of a clear manifestation of legislative intent to the contrary, statutes of limitation are construed as prospective and not retrospective in their operation, and the presumption is against any intent on the part of the legislature to make such a statute retroactive."); Homemakers, Inc. v. Gonzales, 400 So. 2d 965, 967 (Fla. 1981) ("[A] statute of limitations will be prospectively applied unless the legislative intent to provide retroactive effect is express, clear and manifest.").

Reversed and remanded.