PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 98-4449

_____

D. C. Docket No. 96-8365-Civ-DKTH

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
03/23/99
THOMAS K. KAHN
CLERK

SHELLY SINCLAIR,

Plaintiff-Appellant,

versus

DE JAY CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 23, 1999)**

Before COX and BARKETT, Circuit Judges, and FAY, Senior Circuit Judge.

BARKETT, Circuit Judge:

Shelly Sinclair appeals from the district court's grant of summary judgment to De Jay Corporation ("De Jay") on Sinclair's claim of sexual harassment in violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. Ann. § 760.01-760.11.[1]  Sinclair argues that the district court erred in concluding that De Jay was not a statutory employer for purposes of the FCRA because it did not employ fifteen employees in the State of Florida.  We reverse.

---

[1] Sinclair makes no federal claims.  This case is before the court on the basis of diversity jurisdiction.

**BACKGROUND**

This suit arises out of allegations of sexual harassment at De Jay. Sinclair alleged that Steven Sadler, a manager at De Jay, sexually harassed her and that her complaints to management did not remedy the situation. Instead, she alleged that her supervisor, James Bologeorges, retaliated against her for complaining about the harassment. She also alleged religious discrimination by De Jay.

Sinclair filed this action in the Palm Beach County Circuit Court alleging that De Jay violated the Florida Civil Rights Act. De Jay, a Tennessee corporation, removed the case to federal district court. There is no dispute that De Jay employs more than fifteen employees. Indeed, it concedes that, at any given time, it employs approximately 100 employees. The district court nonetheless granted summary judgment to De Jay, concluding that De Jay could be considered a statutory employer for purposes of the Florida Civil Rights Act only if it employed more than fifteen employees in the State of Florida. Sinclair then filed this appeal.

**DISCUSSION**

Our starting point is the plain language of the statute. Section 760.02(7) defines an "employer" for purposes of the Florida Civil Rights Act as "any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person." Fla. Stat. Ann. § 760.02(7). Sinclair argues that this language does not require that all the employees be employed in Florida, so long as the employer has at least fifteen employees. She argues that the district court erred in

2

supplementing the definition of employer with the additional requirement that fifteen employees be employed in Florida.  We agree.

The language of the FCRA is plain and unambiguous.  It requires a plaintiff to show that the defendant is a "person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person."  Nothing in the statute's plain language requires a showing that fifteen employees were employed in the State of Florida.  By its own admission, De Jay employs approximately 100 employees at any given time.  De Jay therefore falls squarely within the statutory definition.  We are obliged to give effect to the plain language of § 760.02(7).  As the Florida Supreme Court has long held, "when the language of a statute is unambiguous and conveys a clear and ordinary meaning, there is no need to resort to other rules of statutory construction; the plain language of the statute must be given effect."  Starr Tyme, Inc. v. Cohen, 659 So. 2d 1064, 1067 (Fla. 1995).

The district court offered three reasons for its conclusion, notwithstanding the plain language of § 760.02(7), that a Florida employer must employ fifteen employees in Florida in order to be an employer within the meaning of the FCRA.  De Jay relies on these arguments on appeal.  We consider them in turn.

First, examining the general purposes of the FCRA, the district court concluded that "counting employees of a foreign corporation who are working in other states is profoundly inconsistent with the parochial concerns of the FCRA."  However, as noted earlier, when the language of a statute is plain and unambiguous, it is inappropriate to resort to any examination of purpose to interpret meaning.  City of Miami Beach v. Galbut, 626 So. 2d 192, 193 (Fla. 1993)

3

("[W]here a statute is clear and unambiguous . . . a court will not look behind the statute's plain language for legislative intent."). Moreover, De Jay's argument in this regard fails fairly to address the legislative intent of the FCRA. It focuses solely on one side of the employment relationship and says nothing about the very purpose of the FCRA – protecting Floridians within the State from invidious discrimination. There is nothing in the FCRA to support the interpretation that De Jay suggests.

Second, the district court looked to the decision of the Florida Commission on Human Relations in Palermo v. Kuppenheimer Mfg. Co., Inc., 11 F.A.L.R. 4860 (May 2, 1989), which it read as holding that out-of-state employees should not be counted for purposes of determining whether the defendant is a statutory employer. De Jay argues that Palermo controls because it represents the views of an agency, and, is therefore entitled to deference. We find Palermo inapplicable.

In Palermo, a pro se litigant claimed that his employer discriminated against him based on religion and national origin. The hearing officer noted in his report and recommendation that Palermo called himself as his sole witness and failed to introduce any evidence that his employer met the statutory definition of "employer" set forth in § 760.02(7). Based on this total lack of evidence, the hearing officer stated that "there was no showing that Respondent is an employer within the meaning [of the FCRA]. Absent proof that Respondent employed at least 15 employees in Florida during the relevant time period, there is no basis to consider whether Respondent violated the provisions of [the FCRA]." 11 F.A.L.R. at 4866. De Jay reads this language as an affirmative statement that an employer who does not employ fifteen persons in the State of Florida is exempt from the FCRA. Yet nothing in either the hearing officer's

4

recommendations or the Commission's order indicates any intent to abrogate the plain language of the statute or any justification for so doing. In our view, the only plausible reading of the hearing officer's words is that Palermo's error was in failing to provide any proof of his employer's status at all, and that the addition of the words "in Florida" was totally gratuitous.

We also note that the language in a hearing officer's report and recommendation in a particular case does not constitute an agency interpretation to which we owe deference. It is the statutory constructions of the agency charged with enforcement, not that of individual hearing officers, to which deference may be owed, and there was no interpretation on the question before us by the Florida Commission on Human Relations in Palermo. See Ameristeel Corp. v. Clark, 691 So.2d 473, 477 (Fla. 1997) ("[A]n agency's interpretation of a statute it is charged with enforcing is entitled to great deference."). Indeed, appearing here as amicus curiae, the Florida Commission on Human Relations takes the opposite position and emphasizes that the language in Palermo was clearly dicta. In any case, even assuming, as the district court did, that Palermo holds that non-Florida employees should be excluded from the count of employees, we would give no deference to that interpretation because it runs counter to the plain language of the FCRA. See Legal Envtl. Assistance Found. v. Board of County Comm'rs of Brevard County, 642 So. 2d 1081, 1083-84 (Fla. 1994).

Finally, we reject De Jay's argument that we should interpret the FCRA as some district courts have interpreted comparable language in Title VII. Those district courts have held that foreign employees of foreign corporations doing business in the United States should not be counted for purposes of Title VII and other federal anti-discrimination laws. This argument, too, fails because the plain and unambiguous language of the FCRA requires only that an employer

5

employ fifteen persons to qualify as a statutory employer under the FCRA. It says nothing about where the employees must work.

Moreover, the Second Circuit recently rejected the decisions on which De Jay relies. In Morelli v. Cedel, 141 F.3d 39 (2d Cir. 1998), the Second Circuit held that foreign employees of foreign corporations should be counted in determining whether the defendant is a statutory employer for purposes of the Age Discrimination in Employment Act. The court in Morelli rejected the argument made here by De Jay that an unprotected employee should not be counted, explaining that "there is no requirement than an employee be protected by the ADEA to be counted . . . . The nose count of the employees relates to the scale of the employer rather than to the extent of the protection." Id. at 44-45. The Morelli court also found that the purpose of excluding small employers from the ADEA – "the burdens of compliance and potential litigation costs" – does not "suggest[] that whether a foreign employer is subject to the ADEA should turn on the size of its U.S. operations alone." Id. at 45. Even assuming, as De Jay argues, that Morelli was wrongly decided, we are not inclined to compare relations between the United States and foreign countries to the relations between states.

Accordingly, we hold that, for purposes of the Florida Civil Rights Act, an employer is a statutory employer based on the total number of its employees, not the number of its employees in Florida. The judgment of the district court is, therefore, REVERSED and the case is REMANDED to the district court for proceedings consistent with this opinion.