[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2005
THOMAS K. KAHN
CLERK

No. 04-11842

D. C. Docket No. 02-21758-CV-PCH

TURRIE WEBB,

Plaintiff-Appellee,

versus

WORLDWIDE FLIGHT SERVICE, INC.,

Defendant-Appellant,

ARTHUR AMBRUSTER,

Defendant.

Appeal from the United States District Court
for the Southern District of Florida

(May 2, 2005)

Before DUBINA, PRYOR and RONEY, Circuit Judges.

DUBINA, Circuit Judge:

In this racially hostile work environment action, brought under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.*,[1] the defendant/appellant Worldwide Flight Services, Inc. ("Worldwide"), appeals the district court's denial of its motion for judgment as a matter of law under Rule 50(b), Fed. R. Civ. P., request for a new trial under Rule 59, Fed. R. Civ. P., and partial denial of its motion for remittitur.[2] For the reasons that follow, we affirm.

## I. BACKGROUND

In October 2000, the plaintiff/appellee Turrie Webb ("Webb"), a black male, commenced his employment with Worldwide at the Miami International Airport ("MIA") as a ramp agent. Webb was primarily responsible for loading and unloading luggage and cargo. Webb's immediate supervisor was the ramp/cabin manager, Eileen Motte, who in turn reported to Art Ambruster. Between January 2001 and November or December 2001, Ambruster served as the manager of services at MIA and reported to a general manager at the airport. At the end of 2001, Worldwide promoted Ambruster to the position of general manager at MIA,

---

[1]The district court had jurisdiction under 28 U.S.C. § 1332, diversity of citizenship and amount in controversy.

[2] Worldwide asserts that it also appeals the district court's grant of the plaintiff's motion to reopen and the district court's denial of its motion to dismiss. These assertions, however, are subsumed by Worldwide's post-trial motions.

where it employed two general managers. As a general manager, Ambruster reported to the regional vice president, Harry Schweitzer, in North Carolina.

Webb alleges that beginning in January 2001, and continuing for approximately two years, Ambruster referred to him, on a daily basis, as a "nigger," a "monkey," and being "from the tribe." The district court initially dismissed Webb's claim because he failed to comply with the FCRA's procedural requirements under Fla. Stat. § 760.11. Subsequently, the district court permitted Webb to file an amended complaint, and reopen the action, after Webb obtained a "right to sue" letter from the Florida Commission on Human Relations ("commission"). Webb's hostile work environment claim proceeded to a jury trial in March 2004. The jury found in favor of Webb and awarded him $300,000 in compensatory damages and $100,000 in punitive damages. The district court granted Worldwide's motion for remittitur of compensatory damages, in part, and reduced the award from $300,000 to $100,000. The district court denied Worldwide's remaining post-trial motions and, after Webb accepted the remittitur, entered judgment in favor of Webb and against Worldwide. Worldwide then perfected this appeal.

## II. DISCUSSION

3

Although Worldwide presents several issues in this appeal, we will only discuss whether the court has subject matter jurisdiction.[3] The court reviews subject matter jurisdiction de novo. *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1289 (11th Cir. 2004); *Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999).

Pursuant to Fla. Stat. § 760.11, an aggrieved person may commence a civil action in a court of competent jurisdiction only: "In the event that the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992," Fla. Stat. § 760.11(4)(a), or "[i]n the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause." Fla. Stat. § 760.11(8). Section 760.11(5) further provides that: "The *commencement of such action* shall divest the commission of jurisdiction of the complaint." (emphasis added). Worldwide argues that pursuant to section

---

[3] The remaining issues are: whether the evidence supports a claim for hostile work environment, and, if so, whether Worldwide is entitled to the affirmative defense announced in *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998); whether punitive damages were proper; whether compensatory damages were proper; and, whether a new trial is warranted. Because we conclude from the record that there is no merit to any of these issues, we affirm the district court's judgment relative to these issues without further discussion. See 11th Cir. R. 36-1.

760.11(5), once Webb filed his civil action, the commission was divested of jurisdiction and, therefore, Webb needed to file a new complaint with the commission and wait for a determination of cause or the expiration of 180 days before he could file this action. Webb's failure to file a new complaint, Worldwide contends, is fatal to the court's subject matter jurisdiction.

The district court addressed this argument on at least four occasions and correctly concluded that it had subject matter jurisdiction because the commission is only divested of its jurisdiction when a *proper* civil action is filed. The term, "commencement of such action," in section 760.11(5), refers to a civil action that is timely filed "after the date of determination of reasonable cause by the commission." Section 760.11(5) does not provide that a civil action that is filed prior to a reasonable cause determination, or the equivalent 180 day filing period set forth in section 760.11(8), divests the commission of jurisdiction. Here, the commission did not require Webb to file a new complaint; rather, it issued a right to sue letter based on the expiration of the 180 day period from the time of Webb's initial–and only–complaint. Worldwide does not cite a single case that required the district court to ignore the commission's right to sue letter, and the plain language of section 760.11 reveals that the district court did not err in determining that it had subject matter jurisdiction. *Cf. Maggio v. Florida Dep't of Labor &*

*Employment Security*, 2005 WL 673677, *2 (Fla. March 24, 2005) ("The Florida

Civil Rights Act is a remedial statute that the Legislature has expressly provided is

to be 'liberally construed to further the general purposes' of the Act and the

particular provisions involved.") (citing Fla. Stat. § 760.01(3)); *Woodham v. Blue*

*Cross & Blue Shield of Florida, Inc.*, 829 So. 2d 891, 897 (Fla. 2002) (same).

Indeed, in a procedurally identical case, the court in *Jackson v. Worldwide Flight*

*Services, Inc.*, held that:

> Here, the original premature filing was not begun after the date of the
> reasonable cause determination or after the Commission's 180-day period to
> consider Jackson's claim. Accordingly, the original premature filing was
> not "such action" divesting the Commission of jurisdiction over Jackson's
> complaint. In other words, because the original premature claim was not
> properly before the court, the Commission was not divested of jurisdiction.
> The Commission was not divested of jurisdiction until Jackson refiled his
> complaint in circuit court when he properly commenced it after the July 3,
> 2003 issuance of the right-to-sue letter.

2005 WL 713784, *2 (Fla. 3d DCA March 30, 2005). In the present case, we

conclude from the record that jurisdiction is proper.[4]

---

[4] The cases that Worldwide cites to support its position are distinguishable. In *Sweeney v. Florida Power & Light Co.*, 725 So. 2d 380 (Fla. 3d DCA 1998), the court dismissed the plaintiff's complaint as prematurely filed and declined to abate the action because, according to the court, "the very act of filing the complaint served to divest the commission of jurisdiction to proceed." *Id.* at 381 (quotation omitted). The court in *Sweeney* could not abate the action because the plaintiff failed to properly file the action; the statement that the filing of the action itself divested the court of jurisdiction was merely dictum. *See Jackson*, 2005 WL 713784 at *2 (stating that "[i]n *Sweeney*, this Court did not hold that a plaintiff like Jackson could not cure the defect of a prematurely filed complaint"). In *Dixon v. Sprint-Florida, Inc.*, 787 So. 2d 968, 969 (Fla. 5th DCA 2001), the court held that the plaintiff did not circumvent Fla. Stat. § 760.11 when she voluntarily dismissed her

Accordingly, we affirm the judgment of the district court.

**AFFIRMED**.

---

prematurely filed complaint, filed a subsequent complaint with the commission, and waited the required 180 days before filing her action. In *Dixon*, the plaintiff filed her subsequent complaint with the commission after it informed her that it deemed her initial complaint withdrawn. *Id.* In this case, Webb never received such a notice from the commission; instead, the commission provided him with a right to sue letter *after* his civil action was dismissed. *Dixon* does not stand for the proposition that a plaintiff is required under Fla. Stat. § 760.11 to file a subsequent complaint with the commission after the court dismisses his or her civil action.