[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13317
Non-Argument Calendar

_____

D. C. Docket No. 03-23192-CV-WMH

ELVIRA GAMBOA,

Plaintiff-Appellant,

versus

AMERICAN AIRLINES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 14, 2006)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Elvira Gamboa, a female, appeals the district court's order granting American Airlines ("American") summary judgment on Gamboa's disparate treatment claim under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10, et seq. Gamboa's second amended complaint alleged she suffered sex discrimination, in violation of the FCRA, because, following an altercation between her and a male employee, American terminated her, but did not discipline him. Gamboa argues that the district court erred in finding that: (1) she failed to establish a prima facie case of disparate treatment; and (2) American's proffered reason for terminating her, and not the male employee, was not a pretext for sex discrimination.

As a preliminary matter, Gamboa conceded in the district court that her federal Title VII claim was untimely, and it is worth noting that we have diversity jurisdiction to hear the FCRA claim, as it is undisputed that the parties are citizens of different states and the district court determined the amount in controversy to exceed $75,000, with no further objection from Gamboa. 28 U.S.C. § 1332(a)(1), (c)(1); see also Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000) (holding that, in the removal context, district court properly considered the jurisdictional amount to have been met when adequate record evidence suggested so, and "plaintiff [did not] deny the damages exceeded the jurisdictional

2

amount when given the opportunity."). Additionally, we have recognized that, as here, where an employee receives a "right to sue" letter from the FCHR, the employee may pursue a civil suit based on the FCRA in federal court if diversity jurisdiction exists. Webb v.Worldwide Flight Service, Inc., 407 F.3d 1192, 1194 (11th Cir. 2005) (citing Supreme Court of Florida precedent).

We review a district court's grant of summary judgment de novo. Durley v. APAC, Inc., 236 F.3d 651, 655 (11th Cir. 2000). The party seeking summary judgment bears the burden of showing that there is no dispute of material fact. Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000). Based on the reasons stated below, it is unnecessary to determine whether the district court erred in giving deference to the arbitration decision because, irrespective of the amount of weight the district court gave the arbitration decision, Gamboa has failed to present any evidence tending to show that American's reason for suspending her is a pretext for sex discrimination.

Title VII and the FCRA both prohibit employment discrimination on the basis of a number of characteristics, including sex. 42 U.S.C. § 2000e-2(a)(1); Fla. Stat. 760.10(1)(a). Claims under Title VII and the FCRA are analyzed under the same burden-shifting framework. Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (noting that Florida courts have held that

decisions construing Title VII are applicable to claims under the FCRA because the FCRA was modeled on Title VII) (citations omitted); cf. Sinclair v. De Jay Corp., 170 F.3d 1045, 1048 (11th Cir. 1999) (interpreting the plain language of the FCRA in a potentially different manner than Title VII in the limited context of defining the meaning of a statutory employer). Because the same prima facie case and burden-shifting mechanisms apply to Title VII and FCRA discrimination claims, decisions construing Title VII are applicable to Gamboa's claims. See Harper, 139 F.3d at 1387.

We use the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), to evaluate claims based on circumstantial, rather than direct, evidence of discrimination. Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000). In order to establish a prima facie case of disparate treatment under Title VII or the FCRA, the employee must prove that: "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated male employees more favorably; and (4) she was qualified to do the job." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 2004) (citations omitted). The parties only dispute the third factor, whether American treated

Ildefonso–an allegedly similarly-situated employee–more favorably.

Once the plaintiff has established a prima facie case of disparate treatment, the burden then shifts to the employer to state a legitimate, nondiscriminatory reason for the employee's discipline. See McDonnell Douglas, 411 U.S. at 802-03, 93 S.Ct. at 1824-25. If the employer successfully does so, the burden shifts back to the plaintiff to show that the reason offered by the employer was a pretext for discrimination. Id. at 804, 93 S.Ct. at 1825. In determining whether an employer's stated reason for termination is pretext for discrimination, we have held that a plaintiff can still prove sex discrimination by showing that a male employee with a similar employment history as the plaintiff was not subject to the same adverse employment action, even when an employer has given good reasons–the factual bases of which are unrebutted by the plaintiff–for terminating the plaintiff. See Rojas v. Florida, 285 F.3d 1339, 1343-44 (11th Cir. 2002). However, we have always remained careful not to "second-guess a business decision made by" an employer. Id. at 1344. Indeed, our "sole concern is whether unlawful discriminatory animus motivate[d] a challenged employment decision." Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1361 (11th Cir. 1999) (citation omitted). "An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for

discriminatory conduct." Id. at 1363 n.3.

Upon review of the record and consideration both parties' briefs, we find no reversible error.

Pretermitting whether or not Gamboa established a prima facie case, summary judgment was proper. The uncontradicted evidence is that Gamboa struck Ildefonso, leaving a red mark on his face, after their verbal exchange. There is no evidence that Ildefonso had any physical contact with Gamboa. Indeed, it is undisputed that an eye witness told an American manager that Gamboa had hit Ildefonso with an open hand. Additionally, Gamboa does not deny having made physical contact with Ildefonso, but claims that her action was in self-defense. Furthermore, Gamboa offers no evidence that American possessed discriminatory animus towards its female employees. See Damon, 196 F.3d at 1361. American clearly terminated Gamboa under the honest, and likely correct, belief that Gamboa hit Ildefonso. See id. at 1363 n.3. Finding that American's decision to terminate Gamboa because she made physical contact with Ildefonso, where Ildefonso indisputably did not make contact with her, would require us to second-guess an employer's business decision absent any proof of discriminatory animus. See Rojas, 285 F.3d at 1344. Thus, Gamboa has failed to present any evidence that American's proffered reason for suspending and ultimately terminating her

employment was a pretext for discrimination. See <u>McDonnell Douglas</u>, 411 U.S. at 804, 93 S.Ct. at 1825.

For the reasons above, the district court did not err in granting summary judgment to American.

**AFFIRMED.**