[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 06, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10790
Non-Argument Calendar

_____

D. C. Docket No. 05-00037-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHADRIC DEANDRE ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 6, 2006)**

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Chadric Deandre Anderson appeals his 78-month sentence imposed after his

plea of guilty to possession of cocaine with intent to distribute, in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm in connection with a

drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Specifically,

he argues (1) the district court should have granted him a downward departure

because he attempted to provide the Government substantial assistance, and (2) his

sentence is unreasonable because it does not reflect his willingness to cooperate

with the Government.  Although we lack jurisdiction to review the district court's

decision not to depart downward, we affirm as reasonable Anderson's 78-month

sentence.

The parties are familiar with the facts, and we do not recount them here.  We

review de novo our subject matter jurisdiction.  *Webb v. Worldwide Flight Serv.,*

*Inc.*, 407 F.3d 1192, 1193-94 (11th Cir. 2005).  Additionally, after the district court

has accurately calculated the advisory Guidelines range,[1] we review the sentence

for reasonableness.  *See United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir.

2005) (citing *United States v. Booker*, 125 S. Ct. 738, 767 (2005)).

Anderson argues the district court "should have taken a downward departure

from the Sentencing Guidelines," because he "cooperated with the government in

_____

[1] Although Anderson presents a downward-departure argument, which we address below, he does not otherwise challenge the district court's advisory Guidelines calculation.

2

attempting to give substantial assistance."[2]  Under our precedent, however, we lack jurisdiction to "review a district court's refusal to grant a downward departure unless the court mistakenly believed that it lacked the authority to grant such a departure."  *United States v. Hansen*, 262 F.3d 1217, 1256 (11th Cir. 2001); *United States v. Winingear*, 422 F.3d 1241, 1245 (holding that, post-*Booker*, we still "lack jurisdiction to review the decision of the district court not to apply a downward departure").  When nothing in the record indicates the district court misunderstood its authority to depart downward from the advisory Guidelines sentence, we assume no such misunderstanding occurred.  *Hansen*, 262 F.3d at 1257.  Anderson does not contend the district court misunderstood its authority to depart downward, and, after careful review, we find nothing in the record indicating such a misunderstanding by the district court.  We accordingly lack jurisdiction to review the district court's refusal to provide Anderson a downward departure.

We now turn to Anderson's argument that his sentence is unreasonable because it does not reflect his willingness to cooperate with the Government.  When reviewing a sentence for reasonableness, we must evaluate whether the final

---

[2] Presumably, Anderson bases his downward-departure argument on U.S.S.G. § 5K1.1, which provides:  "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  Notably, the Government did not file a motion to grant Anderson a downward departure under § 5K1.1.

3

sentence, in its entirety, achieves the purposes of sentencing as stated in 18 U.S.C. § 3553(a).[3] *United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006). The district court is not obligated to specifically address and analyze on the record every § 3553(a) factor; rather, a statement that the court considered the factors is sufficient in post-*Booker* sentences. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). The party challenging the sentence bears the burden of establishing the sentence is unreasonable in light of the § 3553(a) factors. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude Anderson's 78-month sentence is reasonable. The district court stated it reached Anderson's final sentence after calculating the Guidelines range, considering the § 3553(a) factors, and applying the Guidelines in an advisory manner. Contrary to Anderson's assertions, the district court expressly considered his willingness to cooperate with the Government; indeed, it sentenced him at the low end of the Guidelines range "in recognition of [his] attempt to cooperate and acceptance of [his] responsibility." The total term of imprisonment imposed, 78 months, is not only at the low end of the Guidelines range, but is also

---

[3] The § 3553(a) sentencing factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter crime, protect the public, and provide the defendant with educational or vocational training, or medical care; the kinds of sentences available; the Sentencing Guidelines range; pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims.

far lower than the 420-month statutory maximum sentence available to the district court. *See* 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. § 841(b)(1)(C). Furthermore, Anderson has an extensive criminal history, including ten criminal convictions during the ten years prior to the instant case. Based on the factors outlined in § 3553(a) and our review of the record, we conclude Anderson has failed to carry his burden of establishing his 78-month sentence is unreasonable. *See Winingear*, 422 F.3d at 1246.

For the foregoing reasons, we lack jurisdiction to consider the district court's refusal to provide Anderson a downward departure, and we conclude his 78-month sentence is reasonable.

**AFFIRMED.**